CHARLIE ANDERSON v. THE STATE.

No. 6592. Decided March 1, 1922.

1.—Intoxicating Liquors—Manufacture—Election by State.

Where the indictment contained two different counts, one for manufacture and the other for the unlawful possession of equipment, etc., and there was the same evidence supporting each of the offenses, both of which carried

the same penalty, and the charge of the court embraced both counts, and the verdict specifically designates that the conviction was found under the count charging the unlawful manufacture, there was no reversible error in not granting a motion to elect by the State. Following Collins v. State, 77 Texas Crim. Rep., 166.

### 2.—Same—Accomplice—Charge of Court—Corroboration.

Where the court properly instructed upon accomplice testimony, and the corroboration of same was sufficient, to sustain the conviction, there was no reversible error.

### 3.—Same—Suspended Sentence—Charge of Court.

Where there was a plea for suspended sentence, but no evidence supporting it, there was no error in the court's refusal to submit this question to the jury.

### 4.—Same—Evidence—Charge of Court—Harmless Error.

Upon trial of the manufacture of intoxicating liquors, there was no harmful error in not excluding evidence that there was found in the room of defendant a bottle of whisky, the penalty being assessed at the minimum, and the evidence being otherwise sufficient.

### 5.—Same—Evidence—Motive of Witness—Cross Examination.

Where a witness had testified favorably for the defendant, there was no error on cross-examination for the State to show that the witness was very friendly to the defendant. Following Sexton v. State, 48 Texas Crim. Rep., 498, and other cases.

Appeal from the District Court of Brazos. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The appeal is from a judgment of conviction of the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Thornton, a witness for the State, testified that under a lease appellant was in possession of a part of the farm belonging to the witness upon which there was a house; that he saw the appellant in the act of making whisky, using the still which was in his possession in the house; that the appellant told him he was making whisky and delivered to the witness three jugs containing whisky.

The sheriff found a still in the house mentioned and three jugs of whisky in possession of the witness Thornton. He also found in appellant's sleeping apartment, which was remote from the building in which the still was situated, a small bottle containing whisky.

Another witness testified that he saw the appellant coming to the home of the witness Thornton and bringing jugs with him; that these jugs were left at the home of the witness Thornton.

The wife of Thornton testified that the appellant brought jugs of whisky to her house.

The indictment contained counts charging the manufacture of intoxicating liquor; also charged the unlawful possession of equipment for manufacturing intoxicating liquor.

The appellant endeavored to have the State's counsel designate upon which offense he would rely for a conviction. The refusal of the court to compel the election is made the subject of complaint. The charge embraced counts covering both offenses. The verdict specifically designates the count charging the unlawful manufacture as the one upon which the conviction rests. The action of the court was not error. The evidence supporting each of the offenses was the same. They carried the same penalty and were properly embraced in separate counts in the same indictment under the rule permitting the pleading to be so shaped that different phases of the evidence may be met. The precedents upon the subject are collated in Collins v. State, 77 Texas Crim. Rep. 166, to which we refer.

The court instructed that the witness Thornton was an accomplice, and that his testimony alone would not suffice to support a conviction. There is no testimony which rendered it incumbent upon the court to either tell the jury that Thornton's wife was an accomplice or to submit that question to the jury. We deem the corroboration sufficient. The possession by appellant of the still was shown directly by the sheriff, and the testimony of the accomplice with reference to the delivery of th jugs of liquor to him by the appellant was supported by circumstances which we have detailed and which came from other witnesses.

There was no eror in refusing to submit to the jury the question of suspended sentence; there was a plea but no evidence supporting it. Nor was there harmful error in refusing to exclude the evidence that there was found in the room of appellant a bottle of whisky. The point is made that it was not identified as coming from the still. The fact that it was whisky and in his possession was, we think, a circumstance relevant upon the issue of its manufacture. If it were not so, however, in view of the other evidence in the case, the matter is not of a nature so harmful as to authorize a reversal of the judgment. The penalty assessed was the minimum.

The appellant resided at the home of the witness Lizzie Smith. Her evidence went to controvert appellant's conscious possession of the bottle of whisky that was found in his room. On cross-examinaiton, the State's counsel elicited from her the fact that she was friendly to the appellant, had visited him at the jail, brought meals to him and kissed him through the bars. The evidence was admissible. It bore upon the animus of the witness. Its admission was in accord

with precedents. Crist v. State, 21 Texas Crim. App. 366; Sexton v. State, 48 Texas Crim. Rep. 498.

While we deem a discussion of them unnecessary, we have carefully examined the bills of exceptions to which we have not specifically ·adverted. In our judgment, by them there is presented no error.

The judgment is therefore affirmed.     ...

*Affirmed.*