## Jep Newton v. The State.

No. 6661.   Decided Nov. 22, 1922.

Rehearing Denied May 16, 1923.

#### 1.—Manufacturing Intoxicating Liquor—Continuance.

Where there was an utter lack of diligence shown by the application for continuance the same was properly overruled.

#### 2.—Same—Jury and Jury Law—Remark by Court.

The remark of the trial court was not subject to the interpretation placed upon it by the defendant, and was in no sense an intimation to the jury that they could try the accused for any offense except that for the manufacture of intoxicating liquor, and contained no intimation by the court of his view upon the weight to be given any testimony which might be introduced, and there is no reversible error.

#### 3.—Same—Evidence—Exhibition of Still.

Upon trial of unlawfully manufacturing intoxicating liquor there was no error in introducing evidence that the still and other apparatus found by the officers and exhibited before the jury were found upon the premises of defendant's father, near whom he lived.

#### 4.—Evidence—Other Transactions.

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in admitting testimony of several sales of whisky made by the defendant shortly before the discovery of the still.

#### 5.—Accomplice—Purchaser—Rule Stated—Sale.

This prosecution having arisen at a time when the purchaser was an accomplice, it was also permissible for the State to support the testimony of the accomplice purchaser by any legitimate evidence, whether circumstantial or direct, tending to establish the sale, and there was no error in refusing requested charge directing the jury not to consider the evidence of sale, or those limiting the corroborating evidence to establish the sales only.

#### 6.—Same—Requested Charges—Sale—Manufacture.

There was no error in refusing a requested charge that sales of liquor contemporaneously made should not be considered against defendant unless it had been shown that he manufactured the liquor.

#### 7.—Same—Accomplice—Charge of Court.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the court properly instructed the jury upon accomplice's testimony as to certain witnesses, but refused to instruct on this question as to another witness who was not an accomplice, there is no reversible error.

**8.—Same—Charge of Court—Accomplice's Testimony—Rule Stated.**

Where, upon trial of unlawfully manufacturing liquor, the court substantially instructed the jury on accomplice's testimony according to approved precedent and also submitted requested charges thereon, the defendant cannot complain. Following Brown v. State, 57 Texas Crim. Rep., 578, and other cases.

**9.—Same—Requested—Charge—Practice in Trial Court.**

While the requested charge which was refused by the court could have been given with propriety yet its refusal under the facts of the instant case does not operate as a reversal of the judgment.

**10.—Same—Argument of Counsel—Defendant's Failure to Testify.**

The language of the prosecuting attorney in his closing argument, to-wit: "Why did he buy the fruit jars, in December last year? The answer comes back as from a graveyard. Why did you make the whisky? The answer comes back silent as a tombstone. Did you solder the tank? The silence of the grave answers," was not reversible error under the facts of the instant case. Following Boone v. State, 235 S. W. Rep., 580.

**11.—Same—Allusion to Defendant's Failure to Testify.**

While the argument complained of was put in rather a peculiar way, yet it can hardly be said that its necessary effect, was a reference to the accused not testifying, but was simply calling the jury's attention to facts already in evidence.

**12.—Same—Misconduct of the Jury—Practice on Appeal.**

Where it did not appear that the defendant's failure to testify had been generally discussed by the jury, and the evidence taken on the motion for rehearing only shows the mention of the fact which was bound to have been known to all of the jurors, there was no reversible error.

**13.—Same—Rehearing—Continuance—Want of Diligence.**

Where the only excuse for not having sooner replied for process is the statement in the bill of exceptions that defendant had used due diligence to secure the absent testimony, there is no reversible error.

**14.—Same—Evidence—Apparatus—Practice in Trial Court.**

Where many other facts and circumstances pointing to defendant's guilt were in evidence with reference to the manufacture of intoxicating liquor, there was no error in admitting testimony as to the acts of finding the apparatus capable of making intoxicating liquor on his father's farm upon which defendant lived, near the place of the still.

**15.—Selling Intoxicating Liquor—Evidence.**

It would logically appear that one would manufacture liquor in large quantities for the purpose of sale, and where thirteen barrels of mash were found in the cave near defendant's home, there was no error in admitting testimony of the sale of intoxicating liquor by defendant, the court submitting the proper charge upon said evidence.

**16.—Argument of Counsel—Pleading—Rule Stated.**

In passing the court will observe that repeated references in appellant's motion for rehearing to conclusions reached by this court in its opinions, as "absurdities" or as "absurd conclusions" have little place in pleadings and add no weight to written arguments. and the motion for rehearing is overruled.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, two years in the penitentiary.

Opinion states the case.

*Wynn & Wynn* and *Corley & Crisp,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—It was charged by indictment that on or about the 12th day of February, 1921 accused manufactured intoxicating liquor.   Upon the trial he was convicted and his punishment assessed at two years confinement in the penitentiary.

Appellant lived upon his father's farm which consisted of a large tract of land.   The house in which appellant lived was about fifty or seventy-five yards from that of his father.   The latter was an elderly man, very feeble and confined most of the time to the house. The officers found in a cave which had been dug in the bank of a ravine a still, tub, copper coil, oil tank and other equipment exhibited before the jury.   There were nineteen fifty- or sixty-gallon barrels, thirteen of which contained sour mash.   The tub contained dried grapes, raisins, large green grapes, all in a sour condition.   This equipment when connected could be used for the manufacture of whisky.   The cave was forty feet long, and was some 150 or 175 yards from appellant's house.   The first trip the officers made to the place was on Saturday night at which time there were twelve or thirteen fruit jars in the cave.   The second trip was made Tuesday following, at which time only two or three fruit jars were present and some mash appeared to have been taken out of one of the barrels.   The evidence fails to disclose upon what information the officers first visited the cave, but the statement of facts reveals that about Christmas a boy sixteen years old had accidentally discovered the cave in question.   A few days before this lad was called before the grand jury appellant had talked to him and told him he did not want him to say anything about finding the cave.   It is apparent from the evidence of this boy that appellant knew he had been or would be summoned before the grand jury at the time he had this conversation with him, and also shows that after he had been before the grand jury appellant had another conversation with him in which he denied telling him not to say anything about the cave, but that what he told him was, "if you did not find a big cave not to say anything about it."   The evidence further reveals that along in December appellant had negotiated with a merchant for the purchase of several dozen fruit jars, giving as his reason that he anticipated a large fruit crop the next year and was wishing to purchase the fruit jars

in an off season when he could get them cheaper. Appellant and this merchant were not able to agree upon the price but it was shown that about the same time he purchased two dozen fruit jars from another merchant. It was also in evidence that along about this time appellant had made sales of whisky to a number of parties and had told others that he had whiskey, some of whom declined to purchase. All of the whiskey sold by appellant was delivered in fruit jars. It was also in evidence that appellant approached a witness who was in the hardware or plumbing business some time in the fall preceding the discovery of the still and told him he wanted to solder a gasoline tank and made some inquiry with reference to the materials to use for that purpose. Where soldering was used in the equipment found it appeared to have been done in a very crude manner. This is a sufficient statement of the facts.

Application for continuance was presented based upon the absence of three witnesses. This was the second application. At the preceding term of court on March 7th, the case had been continued by appellant on account of an absent witness, and at that time the case set down for a day certain, July 7th, in the next term. No further effort was made to secure the witness for whose absence the case had been continued, and not until July 6th, one day before the case was set for trial, was process requested for the three new witnesses for whom the present continuance is sought. There is an utter lack of diligence.

Prior to calling the instant case appellant had been tried upon charges for selling liquor. In examining the jury upon their voir dire in this case counsel for appellant propounded the following question:

"If you are taken upon this case, will you try this defendant for this offense alone and not hold against him any other case or cases that have been or may be tried, as he is entitled to be tried for this offense and this offense alone?"

The county attorney objected to the question, which objection was sustained by the court, the court remarking at the time: those cases might become an issue in this case." Exception was taken to the remark of the court, it being contended that the judge in effect told the jury in making such remark that they could try the defendant in this case for the other cases against him. In explaining the bill the court says he asked the jurors if they would try the case according to the law submitted to them in the charge of the court, to which they answered in the affirmative; that the ground upon which the county attorney objected was that the sales of whisky made by appellant might become an issue in the instant case to show the purpose for which the liquor was manufactured. We do not regard the remark of the court as subject to the interpretation placed upon it by appellant. It was in no sense an intimation to the jury that they

could try accused for any offense except that for the manufacture of intoxicating liquor, and contained no intimation by the court of his view upon the weight to be given any testimony which might be introduced.

Serious objection was urged to proof made by the State that the still and other apparatus found by the officers and exhibited before the jury were found upon the premises of W. A. Newton, appellant's father. The court committed no error in admitting this testimony. Appellant lived upon his father's premises and near the latter's residence. His father was shown to be an aged man, in poor health and confined to the house a great portion of the time. The cave in which the still was found was in the vicinity of both of the houses. Appellant's connection with the still and the manufacture of the liquor was shown by circumstances which authorized the jury to return the verdict reached by them.

Proof was made by the State of several sales of whisky made by appellant shortly before the discovery of the still. This testimony was objected to on the ground that the charge upon trial was for the manufacture of liquor only, and that proof of sales was inadmissible. The decisions are against this contention. Anderson v. State, 91 Texas Crim. Rep., 183, 238 S. W. Rep., 221.

This prosecution having arisen at a time when the purchaser was an accomplice, it was also permissible for the State to support the testimony of the accomplice purchaser by any legitimate evidence obtainable, whether by proof of circumstances or direct testimony, tending to establish the sale. It, therefore, follows that the court properly refused the special requested charged directing the jury not to consider the evidence showing sales; and also refusing those limiting the corroborating evidence to establishing the sales only, because where the corroborating evidence itself established a sale it was pertinent to the main issue of manufacture.

Appellant took the position that proof of sales made by him was only a circumstance going to show the probable manufacture by him of the liquor sold; thus far he was correct; but he further contended that the jury should be instructed, in effect, that although the sales by him were established these circumstances should not be considered against him unless it had been shown beyond a reasonable doubt that he did manufacture the liquor. Special charges were requested to that effect. In this latter contention he went beyond the law. If the State could establish beyond a reasonable doubt that appellant manufactured the liquor, independent of the evidence that he was selling it, we fail to see how proof of the sales would be any necessary aid in showing the manufacture. The sales were pertinent on the issue of manufacture. They had probative force, not only in tending to prove that appellant was engaged in the manufacture, but the purpose thereof as well. Of course, proof only that appellant was selling

liquor would not be sufficient to establish that he was manufacturing it, but the fact of the sales could be considered by the jury in connection with all the other facts and circumstances in evidence in determing the main issue. The court properly refused the special charges.

The purchaser of intoxicating liquor being an accomplice under the law at the time the matter inquired about in the present investigation arose, the court instructed the jury that the winesses Chriswell, Davis and Scott were accomplices in the purchase of whisky to which they had testified. Appellant contended that the witness Clarkson was also an accomplice and that the court should have also instructed the jury, or submitted the matter as an issue of fact for their determination. The record in the present case fails to show that Clarkson was an accomplice; nor does it sufficiently raise the issue of fact requiring the court to submit it.

Complaint is made of the charge on accomplice testimony. The court was confronted with rather a difficult task because it was necessary for him to charge the jury substantially that the witnesses who had testified to the sales in question were accomplices in those transactions; that the sales could not be established without their evidence thereto was corroborated; and then the additional charge that appellant could not be convicted upon the testimony of accomplices alone in the present prosecution. The charge given was substantially the same as that considered by us in Watson's case, 90 Texas Crim. Rep., 576, 237 S. W. Rep., 298. We again suggest that where appropriate charges on accomplice evidence approved in Brown v. State, 57 Texas Crim. Rep., 578, 124 S. W. Rep., 101 and in Oats v. State, 67 Texas Crim. Rep., 496, 149 S. W. Rep., 1194 are better, and more in line with the suggestions in Stanfield v. State, 84 Texas Crim. Rep., 437, 208 S. W. Rep., 538. The charge given in the instant case has sometimes been criticized, but has in many cases been held to be a sufficient presentation of the issue, depending largely upon the facts of each particular case in which it has been considered. We would observe that the criticism of the charge in the instant case is scarcely tenable because special charge number five requested by appellant is in the exact language of the charge given with the exception that in the special charge the name of Clarkson is also included as one of the accomplice witnesses. Appellant can not be heard to complain seriously of a charge which submitted an issue in the same language requested by him.

Appellant assigns as error the refusal of the court to submit a special charge, in substance, that if the jury should believe that appellant sold intoxicating liquor to certain named witnesses, but should have a reasonable doubt as to whether he manufactured intoxicating liquor it would be their duty to acquit him, as he was not being tried for the sale of liquor but for the manufacture thereof.

The special charge appears to have been pertinent and could with propriety have been given by the court. However, it is not the refusal of every pertinent charge that will operate to cause a reversal of a judgment. It is necessary for us to look to the record and determine from its entirety whether under Article 743 C. C. P. the failure to give the charge in question was "calculated to injure the rights of the accused." The court in his charge told the jury that appellant was upon trial for the manufacture of intoxicating liquor, gave them the definition of such offense, and submitted the case to them only upon the question of manufacture. In determining whether the refusal of this special charge likely injured appellant we must presume that the jury were men of ordinary intelligence and that from the entire trial they knew the matter under investigation was whether appellant had manufactured intoxicating liquor, and that inquiry into the matter of sales was an ancillary matter and not the main issue they were called upon to determine. While we think the special charge referred to should have been given, yet, we are unable to say from the entire record that its omission was calculated to injure the rights of appellant, and therefore cannot hold that the failure to give it was such error as calls for a reversal.

It is made to appear that while the county attorney was making the closing argument he used this language. "Why did he buy the fruit jars in December last year? The answer comes back as from a graveyard. Why did you make the whisky? The answer comes back silent as a tombstone. Did you solder the tank? The silence of the grave answers." While asking and answering said questions he looked and pointed at appellant. He had not testified, and the complaint is that the argument was a reference to his failure to do so. The trial judge certifies that no exception was taken to the remarks at the time, but his attention was called to them, but the bill presenting the matter was not handed to him until the jury had been outsome seventeen minutes, and only about ten minutes before the verdict was returned into court. No instruction was requested directing the jury to disregard the remarks. The question, therefore, is, Do the remarks show a violation of the mandatory provision of Art. 790 C. C. P. prohibiting the allusion to or comment on the failure to testify? The statute in question was considered at length in Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W. Rep., 580, and many authorities are therein cited. The conclusion reached was that the language complained of must be of such character as to necessarily be an allusion to the failure to testify, and not merely such as might be so construed. We believe this to be the correct rule. In applying it to the instant complaint, it must be remembered that the evidence had shown that appellant's reason for wanting to purchase the fruit jars, given by him at the time of negotiating for them, was that he anticipated seven or eight months in advance a large fruit crop the ensuing year:

it had also been shown that appellant's father was a large land owner, some of which appellant worked as a farmer; that he had made inquiry from a witness about the proper material to use in soldering a gasoline tank, and that the one introduced in evidence presented a crude effort in this regard. While the argument complained of was put in rather a peculiar way, yet it can hardly be said it had for its necessary effect a reference to accused not testifying, but was calling the jury's attention to facts already in evidence, viz: that the circumstances of appellant rendered it unnecessary that he resort to whisky making as a means of livelyhood; that the facts indicated he had done the crude work of soldering, and that his explanation of the purchase of the fruit jars staggered the credulity of the jurors.

Complaint is made of misconduct of the jury, in that they considered and discussed the failure of appellant to testify. The bill shows that after all the jurors had agreed upon the question of guilt, but before an agreement had been reached as to the punishment, one or two jurors made some mention of the fact that appellant had not testified. It does not appear to have been generally discussed, and the evidence taken on the motion for rehearing only shows the mention of a fact, which was bound to have been known to all of the jurors. We do not believe the record shows that the failure of accused to testify was considered against him by the jury, and find no error on the court's part in overruling the motion for new trial upon this ground. We think it comes within the rule that an allusion to his failure to testify, not followed by a discussion or consideration will not justify a reversal. (See Branch's Ann. P. C. page 293).

Having found no errors calling for a reversal, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 16, 1923.

LATTIMORE, JUDGE.—In a some what caustic motion appellant asks for a rehearing. His first criticism is of upholding the refusal of a continuance by the trial court. Without dispute in this record it appears that the indictment was filed February 25, 1921, and the case first called for trial March 23rd following. An application for a continuance based solely on the absence of one Lelos was granted. The case was set next for July 7th following. Press of business caused a resetting for July 13th. On July 5th subpoenas were first issued for witnesses Taylor, Mexican Frank and Mexican Benito, returnable July 13th. Said process was returned showing Taylor to be in Arkansas and the other two witnesses not found. The only excuse

for not having sooner applied for process for said witnesses is the statement in the bill of exceptions presenting this matter, that "He had used due diligence to secure their testimony; that he had only just heard of the materiality of their testimony." No authority is cited by appellant nor is any known to us, holding this a sufficient showing of diligence.

Appellant next insists that the testimony was wrongfully admitted as to the fact of finding the apparatus capable of making intoxicating liquor, for that it was found on his father's farm and that he had brothers who lived as near or nearer to the place of finding than he, and that others also lived on said farm. That this contention is without merit is also obvious and is discussed at some length in the original opinion. Many circumstances pointing to appellant were in evidence. His purchase of a large number of fruit jars in the winter time, his inquiry about other fruit jars, his sale of whisky in fruit jars, the finding of fruit jars in a cave near appellant's house in which the still and mash were located; his efforts to find out how to solder a tank, the finding of a crudely soldered tank in said cave, his efforts to suppress testimony as to the finding of the cave, his sales of whisky to various parties about this time, his solicitation of sales to others, all point to him as the party manufacturing liquor. Save the naked fact that appellant had a brother living at home with his aged and infirm father, who owned the farm on which the cave and still were found, and that there were negroes and Mexicans living on said farm, there is nothing in the record that even remotely suggests the connection of any other person than appellant with said apparatus. The locus of the still would be a circumstance, strong or weak, depending on the facts of the individual case, but the admissibility of such fact would not seem subject to objection if such location has any possible probative force as it unquestionably had in this case.

Complaint is renewed of the admission of the testimony of the sales of liquor by appellant. It would logically appear that one would manufacture liquor in large quantities, for sale. Thirteen barrels of mash were found in the cave near appellant's home and this would seem to indicate a manufacture of some proportions. The more numerous the proven sales the stronger the deduction of such manufacture for unlawful purpose might appear. That the proof of such sales does shed light on the identity of the manufacturer seems too clear to need argument. An illustration: A still is found in the woods, on the commons. No one knows who operated it. Proof that J, who lived in that neighborhood, had made several sales of the kind of liquor apparently made upon said still, would certainly point to J as the operator thereof. Without giving instances this record reflects the fact of a number of sales of liquor by appellant.

The court told the jury they could not convict appellant of manu-

facturing liquor unless they believed beyond a reasonable doubt from the evidence that he was guilty of such offense. A special charge that even though the jury believed appellant had sold liquor, they could not convict him in this case° unless they believed beyond a reasonable doubt that he had manufactured such liquor, would not seem to clarify the legal issues involved, nor give to appellant any rights dénied him in the main charge, and the refusal of such special charge was not reversible error.

We are urged to revise our holding in regard to the matter of the argument made by the State's attorney. This was sufficiently discussed in the original opinion. In passing we observe that repeated references to conclusions reached by this court in its opinion as "absurdities" or as "absurd conclusions," have little place in pleadings and add no weight to written arguments.

The motion for rehearing is overruled.

*Affirmed.*