## WIG GRANT v. THE STATE.

No. 7593.　Decided June 6, 1923.

Rehearing denied October 17, 1923.

1.—Possession of Intoxicating Liquor—Evidence—Cross-Examination.

Where, upon trial of unlawful possession of intoxicating liquor, defendant testified to an alibi on account of a scalded hand, there was no error on cross-examination by the State to ask the defendant if the scalding was not due to the turning over of a still in which he was making whisky, or the blowing off of the top of the still, and other questions leading to the conclusion that defendant possessed the still for the manufacture of whisky at about the time the unlawful possession was alleged. Following Rosa v. State, 86 Texas Crim. Rep., 647.

2.—Same—Rehearing—Practice on Appeal.

The charge in the instant case being that accused was in the possession of whisky for the purpose of sale, any evidence pertinent to establish not only the possession thereof but also the purpose of such possession was admissible, and the cross-examination with reference to the still was permissible.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Anthony & Shields,* and *Jones & Jones,* for appellant. On question of permitting cross-examination as to still, Wade v. State, 90 S. W. Rep., 503; Goad v. State, 108 id., 680; Holland v. State, 131 id., 563; Knight v. State, 116 id., 56; Sorrell v. State, 169 id., 299; Burton v. State, 247 id., 869; Owens v. State, 125 id., 405.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of three years.

The State witness Smith testified that in May or June, 1922, while hauling a load of lumber, he passed the home of the appellant; that he was "hailed" by the appellant and invited to buy some whisky, which invitation he accepted. The whisky was buried in a hole in the ground between the barn and the house of the appellant. Appellant asked the witness how much whisky he wanted and took out a quart, which the witness bought and paid for. It was corn whisky. On the following day, the witness reported the transaction to the officers, and

subsequently, on the 16th of June, he made a written statement concerning the matter.

Appellant, through his counsel, conducted an extensive cross-examination of the witness, carrying the intimation that the witness was threatened with prosecution and that in order to shield himself he gave testimony against the appellant.

Appellant testified and denied the transaction *in toto,* and said that on the 13th of May, he scalded himself with some coffee and was subsequently confined to his bed for about fifteen days. On cross-examination, counsel for the State asked appellant if the scalding was not due to the turning over of a still in which he was making whisky or the blowing off of the top of the still. Counsel also asked him further questions touching the possession of the still by the appellant and statements purported to have been made by appellant, leading to the conclusion that he possessed a still for the manufacture of whisky at about the time the offense was charged to have taken place. Objection was urged against this procedure and it is strenuously insisted that although the appellant denied that he had a still or that he had been burned by a still or that he had made any statements concerning a still; that the failure to sustain the objections to the questions was violative of the rule forbidding the introduction of extraneous offense except for certain purposes. We do not understand that the rule mentioned can operate to exclude a relevant fact touching the controverted issue in the case on trial. Branch's Ann. Tex. P. C., Sec. 166.

In the instant case, the possession of the whisky for the purpose of sale was a controverted issue. Appellant, by his testimony and by the testimony of his witnesses, contradicted the State's witnesses upon the subject. The whisky was corn whisky. According to the State's theory, it was hidden in the ground. If appellant had possessed a still for making such whisky, it would have been a relevant fact as bearing upon his possession of the whisky and the purpose for which he had it. In the absence of some showing of bad faith upon the part of State's counsel in interrogating the witness upon this subject, we think the error was not committed as shown by the bill.

On the cross-examination touching the cause of his injury and the alibi which appellant sought to establish thereby and the fact of the injury was a legitimate one, if the State's counsel expected an affirmative answer to his questions touching the still or expected to prove that appellant possessed a still or that his hand was injured on a still, it was a legitimate answer. In the absence of something in the record to show that he had no expectation of an affirmative reply or that he violated the proprieties in asking the questions, his bad faith is not to be presumed. See Rosa v. State, 86 Texas Crim. Rep., 647.

The evidence supports the conviction. We find no error calling for a reversal. The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### October 17, 1923.

HAWKINS, JUDGE.—Appellant challenges the correctness of our statement that upon a prosecution for possession of intoxicating liquor it would be relevant to show he was in possession of a still for making the liquor as bearing upon his possession of the liquor and the purpose for which he had it. Of course, if we were in error as to this it would follow that we might also be in error in holding harmless the questions to appellant of which complaint is made. We are of opinion, however, that the statement challenged announces a correct proposition. (See Hubbard v. State, 94 Texas Crim. Rep., 480, 251 S. W. Rep., 1054; Newton v. State, 94 Texas Crim. Rep., 382; Anderson v. State, 91 Texas Crim. Rep., 183, 238 S. W. Rep., 221.) We do not regard it as obnoxious to the general rule excluding proof of other offenses but believe it fails within one of the exceptions. Our law denounces the keeping open on Sunday for the purpose of traffic certain places of business. (Art. 302.) Sales to various parties may be proven as showing the purpose for which it is being kept open, (Brown v. State, 38 Texas Crim. Rep., 597, 44 S. W. Rep., 176) although it discloses other offense, to-wit: the various sales. The charge in the instant case being that accused was in the possession of whisky for the purpose of sale any evidence pertinent to establish not only the possession thereof but also the purpose of such possession was admissible. If the state could have shown that he was the owner or operator of a still for the manufacture of whisky it would go to solving the issue of the purpose for which he had the whisky.

The motion for rehearing is overruled.

*Overruled.*