OSCAR CARROLL V. THE STATE.

No. 10934.   Delivered May 25, 1927.

1.—Possessing Intoxicating Liquor — Evidence — Res Gestae — Properly Admitted.

Where appellant was found in possession of a still in full operation, making whiskey, and in an automobile outside the building was found a gallon of whiskey, which appellant admitted to the officers when arrested belonged to him, this admission was res gestae, and properly received in evidence. Following Nugent v. State, 273 S. W., and other cases cited.

2.—Same—Evidence—Bill of Exception—Shows No Error.

Where appellant complains in a bill of exception propounded to a character witness on cross-examination, his objection to the question having been sustained and no answer made, his bill presents no error.

3.—Same—Evidence—Hearsay—Properly Excluded.

There was no error in refusing to permit appellant's wife to testify to a conversation which she heard between appellant and his brother, of an exculpatory character. Such conversation was purely hearsay, and self-serving.

4.—Same—Search Warrant—Description of Premises—Held Sufficient.

Where the search warrant authorized the search of the house, and premises, of appellant, such warrant authorized the search of a barn or shed near his house and a part of the premises, in which the still and whiskey was discovered.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*J. Earl Kuntz* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully possessing intoxicating liquor for sale, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers obtained a search warrant, went to the premises in question, and found a still in operation, some whiskey, and quite a number of barrels that had contained mash. The still and mash barrels were in a small barn or shed situated about seventy-five yards from a house which contained a bed and cook stove and which, according to the state's witnesses, "was fixed up as bachelor quarters." When the officers approached the place where the whiskey was being manufactured, the appellant, a man by the name of Allred and another party came out of the building, Allred and the third party taking flight, while the appellant made no effort to escape and was arrested. Allred was captured and brought back to the premises, but the other party escaped. The officers found a gallon of whiskey in appellant's automobile near the still. It was the contention of the state that the appellant was interested in the manufacture of the whiskey and that the whiskey in his car was possessed for the purpose of sale. The appellant failed to testify.

There are four bills of exception in the record.

In bill No. 1 appellant complains of the action of the court in permitting the state to prove by Deputy Sheriff Belcher that as soon as he returned to the place where the whiskey was being made, after capturing Allred and within about five minutes after appellant's arrest, the appellant stated to him, in response to a question, that the automobile standing near the still and in which the gallon of whiskey was found belonged to him. The appellant contends that this testimony was inadmissible for the reason that he was under arrest and had not been warned. In qualifying this bill, the court states that he admitted the testimony complained of as res gestae. We are of the opinion that this bill shows no error and that the testimony was properly

admitted. Nugent v. State, 273 S. W. 599. Also see Branch's Ann. P. C., Sec. 86, citing Craig v. State, 30 Tex. Crim. App. 621, 18 S. W. 297.

In bill No. 2 complaint is made to the action of the District Attorney in asking the appellant's character witnesses, Miller and Smulzer, on cross-examination, if they did not know that the appellant had been indicted for a felony prior to the date of the alleged offense for which he was then on trial. The court sustained appellant's objections to these questions, and, so far as the record shows, neither witness made any answer thereto. The bill, as presented, shows no error.

In bill No. 3 complaint is made to the refusal of the court to permit appellant to prove by his wife that she heard a conversation between appellant and her brother, Allred, in which the latter asked her husband to help him rent a farm, and that her husband later rented for her brother the place where the still was found, but that he was acting solely as an agent and had no interest in said farm and no control over it. This bill presents no error.

Bill No. 4 complains of the action of the court in permitting the state to introduce in evidence the testimony of the officers relative to finding the still and equipment, it being contended that the affidavit for search warrant was insufficient to authorize the search of the barn or shed where the still was found, and only authorized a search of the house where the bed and stove were found. The affidavit discloses that the affiant stated as follows:

"There is concealed at the following described place, to-wit, in story and a half house and on the premises thereof located across the road from the house and premises occupied by Gale Lorrance about one mile from the paved road between Wichita Falls and Iowa Park * * * which said place is supposed to be in charge of one person or persons (whose correct name is to affiant unknown) the following described property, to-wit: Intoxicating beverages in quantities and for purposes prohibited by law and still, worms, utensils, and materials used in the manufacture and making of intoxicating beverages."

We think this affidavit not only sought a warrant to search the house described, but also the premises, and was sufficient to authorize the introduction of the testimony complained of. The court therefore committed no error in admitting said testimony.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.