### IVEY BROWN v. THE STATE.

No. 14497.   Delivered January 20, 1932.
Rehearing Denied March 16, 1932.

96

The opinion states the case.

*Baker & Parish,* of Ballinger, and *Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment assessed at one year in the penitentiary.

The sheriff, Earl McWilliams, with other officers, under authority of a search warrant, searched the private residence of appellant and found three half-gallons of whisky in a side room of appellant's house. When they drove up to the house for the purpose of searching it, the appellant and his wife were present in said house. They saw the appellant's wife pour out some whisky from a half-gallon jar. They testified that they tasted and smelt the whisky that was in the three half-gallon jars and also smelt and tasted the whisky that they had seen the appellant's wife pour out and it was whisky. They also found a five or eight gallon keg in the kitchen and this keg contained mash. They also found on the premises another ten gallon keg of mash about 60 feet from the house and found some mash on a creek back about one-fourth or one-half mile from said residence in the pasture of the appellant. They also found two stills, about one-half mile from appellant's premises, one fully equipped and the other not fully equipped. There was no fence between the house and place where they found the still. Said still was close to a road that led to the house of the appellant.

Appellant did not deny the finding of said whisky at his house but testified that the whisky so found was purchased and used as a stimulant by his wife. He denied any knowledge or ownership of the stills found. His wife testified that she had been using said whisky for a stimulant at the direction of a doctor. A doctor testified that he had advised the wife of appellant to take stimulants; that he prescribed strychnine and bromide for her; that he was not qualified to prescribe whisky and did not remember that he recommended whisky for her.

Bill of exception No. 1 excepted to permitting the witnesses for the state to testify that they found in the kitchen of defendant's residence a keg of mash to make home brew, upon the ground that it was irrelevant, prejudicial, and incompetent and involved an opinion and conclusion of the witness. The bill shows that the court instructed the jury not to consider the witness' conclusion as to what the mash was for. As presented, no error is shown.

Bills of exception 2 and 4 complain of permitting the state to prove by the officers that they found a complete still and coils on the premises of the defendant, upon the ground that same called for an opinion and conclusion of the witness. We think the testimony of the finding of the material and apparatus used in manufacturing liquor was admissible to shed light on the question of the possession of the liquor as to whether appellant had the whisky, found in his house, for the purpose of sale. See Edwards v. State, 98 Texas Crim. Rep., 47, 262 S. W., 742; Grant v. State, 95 Texas Crim. Rep., 437, 254 S. W., 959; Dameron v. State, 97 Texas Crim. Rep., 172, 260 S. W., 855. The rule excluding evidence of other offenses does not embrace those relevant to the issue of

intent for which the appellant possesed the whisky. Ferguson v. State, 96 Texas Crim. Rep., 53, 255 S. W., 749.

Bill of exception No. 6 complains of the action of the trial court in permitting the district attorney to have the defendant testify that the reason his wife poured the whisky out was to keep Earl McWilliams, the sheriff, from getting it and she was afraid that the sheriff would carry the other medicine off and the reason his wife did not pour the rest of the whisky out was that she could not get to it; that she got to the one-half gallon and poured it out, but there was a gallon and a half she did not get to. The objection was made that it was an opinion and conclusion of the defendant and was forcing him to testify to reasons not disclosed by his wife. The qualification of the court to the bill shows that the defendant had testified, "We poured that out because Earl (the sheriff) ran through the house". The record shows that the appellant also testified that his wife poured out her medicine to keep the sheriff from getting it because she was afraid he would carry the other medicine off. The facts further show that when the wife poured out the liquor it was done in the presence of the defendant. We think that the conduct of the appellant's wife in pouring out the liquor was provable under the circumstances. Under the state's evidence, appellant's wife was shown to have been at least equally in possession of the whisky as the appellant. Under the authorities, it seems to be well settled, where the question at issue is a joint acting together of husband and wife in the commission of an offense, proof of the acts and declarations of either is part of the res gestae and is admissible. This act on the part of the wife was clearly part of the res gestae. See Bannister v. State, 112 Texas Crim. Rep., 158, 13 S. W. (2d) 629; Smith v. State, 46 Texas Crim. Rep., 267, 81 S. W., 936.

Several bills of exception complain of certain cross-examination of character witnesses. The appellant placed his character in issue as to his general reputation for being a peaceable, law-abiding citizen and on cross-examination the witness was asked with reference to whether or not he had ever heard of the appellant being in trouble before. It seems that some of the questions were probably susceptible of the construction that the state was inquiring as to the reputation of the appellant after the alleged offense. In each and every instance, however, as shown by said bills, when the testimony was objected to, the court withdrew the same from the consideration of the jury and sustained the appellant's objection. "When good character is proven, the opposite side may ask on cross-examination with reference to some specific instance which reflects unfavorably on the trait of character put in issue." See Branch's Annotated Penal Code, secs. 117, 184; Howard v. State, 37 Texas Crim. Rep., 498, 36 S. W., 475, 66 Am. St. Rep., 812; Forrester v. State, 38 Texas Crim. Rep., 245, 42 S. W., 400; Guerrero v. State, 41 Texas

Crim. Rep., 164, 53 S. W., 119; Young v. State, 41 Texas Crim. Rep., 445, 55 S. W., 331. We believe that the evidence that was permitted to go before the jury was admissible and the court did not err in so holding.

Bill of exception No. 8 complains of that part of the district attorney's closing argument to the jury to the effect that "the defendant was out there in the whisky business and he was in the whisky business on a big scale. He had two gallons of whisky on hand and two, ten, or twelve gallon kegs of mash and a big still on the creek". The objection made to the remarks was that it was attempting to wrongfully influence the jury and to wrongfully prejudice them without any evidence and was an unsworn statement of the district attorney. The bill further shows that the defendant's counsel requested by a special charge the withdrawal of said remarks from the jury and to instruct them not to consider said remarks or any of them for any purpose, which was refused by the court. We are unable to agree with the appellant that the district attorney's argument would warrant a reversal of this case, in the light of all the evidence.

The defendant excepted and objected to paragraph 2 of the court's charge because the same shifts the burden of proof from the state to the defendant and places an undue burden upon the defendant in proving his innocence beyond a reasonable doubt, and because the court in said paragraph did not charge on the law of reasonable doubt. Appellant excepted to paragraph 3 of said charge, especially the last portion, upon the grounds that it restricts and limits the other portions of said paragraph of said charge which is given on the defendant's defense and impinges and restricts the defendant's defense in this case and in effect nullifies the charge given in the upper portion of said paragraph applicable to said defense and because said charge limits the possession of said whisky by the defendant solely for the purpose of sale.

The paragraphs of the court's charge complained of are as follows:

"2. Now, therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant in Runnels County, Texas, on or about the date alleged in the indictment, had in his possession, for the purpose of sale, whisky, you will find the defendant guilty and assess his punishment at confinement in the penitentiary for a period of not less than one year and not more than five years. If you do not believe beyond a reasonable doubt that the defendant had in his possession whisky for the purpose of sale, you will find him not guilty and so say by your verdict."

"3. You are further instructed that if you believe from the evidence, or if from the evidence you have a reasonable doubt that the whisky possessed by the defendant was for his wife's use and not for the purpose of sale, you will find the defendant not guilty. However, in

this connection, you are charged, that even though you believe the defendant might have possessed whisky in part for medicinal purposes, yet if you believe beyond a reasonable doubt that on or about the time and place alleged he had in his possession whisky for the purpose of sale, you will find him guilty even though you may believe that he possessed whisky in part for the use of his wife for medicine."

In support of his contention that the charge of the court complained of unduly limited the rights of the appellant as to his defense, the appellant cites the cases of Tetmeyer v. State, 114 Texas Crim. Rep., 531, 26 S. W. (2d) 266, and also the case of Hufstetler v. State, 116 Texas Crim. Rep., 175, 33 S. W. (2d) 461. In the Tetmeyer case, that part of the court's charge complained of was as follows: "I further charge you as part of the law in this case that it is not unlawful for any person to possess for the purpose of sale intoxicating liquor for medicinal purposes only, therefore, if you find and believe from the evidence or have a reasonable doubt thereof that the beer in question was manufactured and possessed by the defendant for medicinal purposes only you will acquit the defendant and say by your verdict not guilty."

In practically identical language, the same charge was given in the Hufstetler case cited by appellant.

Both of said charges were condemned because of the fact that the jury were in effect instructed therein that it was unlawful to possess intoxicating liquor unless same was possessed solely for medicinal purposes. The charge under consideration is not subject to the same criticism.

In paragraph 2 of the court's charge, the jury was specifically told as a predicate for conviction that they must believe beyond a reasonable doubt that appellant possesed intoxicating liquor for the purpose of sale, and were further charged that if they did not believe beyond a reasonable doubt that defendant had liquor in his possession for the purpose of sale that they would find him not guilty and so say by their verdict; and were told in paragraph 3 that if from the evidence they had a reasonable doubt that the whisky possessed by defendant was for his wife's use and not for the purpose of sale they would find the defendant not guilty.

We think that the court's charge taken as a whole was sufficient to make the jury understand through the charge that the burden was upon the state to prove beyond a reasonable doubt that the appellant was in possession of the whisky for the purpose of sale, and in the light of the testimony of the appellant and his wife we do not believe that the paragraphs complained of were upon the weight of the evidence.

We have not undertaken to discuss all of the matters raised by bills of exception. However, a careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Possessed of a search warrant, officers searched the dwelling of the appellant and his wife, and seized three half-gallon jars of whisky. The wife of the appellant, upon the arrival of the officers, poured some whisky from another half-gallon·jar. This testimony was not controverted, but its accuracy was verified by the testimony of both the appellant and his wife. The defense interposed was that the whisky was possessed for use for medicinal purposes by the appellant's wife; that he purchased it and that she was using it for the purpose stated. It was shown that a doctor (who was not qualified to prescribe whisky), had told the appellant that stimulants would be good for his wife and recommended the use of whisky. From the arresting officers there was also testimony that at the home of the appellant and about sixty feet from his house there was a ten-gallon keg of mash. There was also mash in the kitchen, and mash on the bank of a creek in the appellant's pasture about a quarter of a mile from his house. In the same locality there was, according to the officers, a complete still. One of the officers said that they found two stills—one was fully equipped and the other was not. These stills were in the same enclosure as the appellant's dwelling and about a quarter of a mile from his house.

The testimony of the appellant was to the effect that neither of the kegs described by the officers contained mash, but one of them contained syrup and the other contained chops for chicken feed. Appellant disclaimed any connection with the stills found in the pasture, which was in the enclosure with the appellant's farm. It is understood from the record that the land on which the appellant farmed belonged to Hunt; that appellant cultivated 100 acres, and that the pasture was used in common by the appellant and Hunt.

In Bills of Exception Nos. 2, 3, 4, and 7, the reception of the testimony given by the officers touching the stills and their location is criticised upon the ground that the declaration by the officer that he found a "complete still" offended against the rules of evidence excluding opinion testimony and that the statement that the still was found upon the "premises" of the appellant was likewise improper, it being an opinion or conclusion of law. Whether the still was complete is not shown to have been a question requiring the knowledge of an expert; nor was the reception of the declaration of the officer opposed upon the ground that he was not an expert. Neither was it shown that the officer was not fully qualified to give the opinion that the still was complete. The use of the word "premises" is regarded as quite appropriate, and is violative of

no rule of evidence. Carroll v. State, 107 Texas Crim. Rep., 236, 296 S. W., 543; 6 Words and Phrases, Third Series, p. 44.

From Bill No. 5 it appears that the appellant's character witness Johnson, after having stated that the general reputation of the appellant in the community on the 16th of May, 1930, and prior thereto was good for peace and quietude, was asked on cross-examination by the district attorney if he had ever heard the defendant's reputation being questioned since the date mentioned (which was the date of the offense). This was abandoned and no answer was demanded nor given. Further, in the cross-examination, the district attorney asked the witness if he had heard that the appellant had been indicted for violating the liquor law prior to the date of the alleged offense, to which the witness replied that "it was since and further testified that he had not heard it before the defendant was arrested but since he was arrestd." The court instructed the jury that they should not consider any testimony of the witness as to what he had heard concerning the defendant since the date of his arrest. In the case on trial, appellant contends that there was error which was incurable. The matter was discussed on the original hearing.

A similar transaction is made the subject of complaint in Bill of Exception No. 9.

The reputation of the appellant for peace and quietude and as a law-abiding citizen subsequent to the date of the alleged offense was not a proper subject of inquiry by the state. It is believed, however, that as the matter is presented in the bills mentioned, the treatment of the subject in the original opinion is correct. It may be added, however, that it affirmatively appears from the statement of facts that the witness Osbourne testified to his acquaintance with the general reputation of the appellant as a peaceable, law-abiding citizen prior to the 15th of May, 1930, and that it was good. On cross-examination, he said that he could not say that he had heard of an indictment against the appellant prior to the date of the present indictment. He said, "I did not and do not know anything about that." On redirect examination by the appellant's counsel, the witness said: "The only thing I have heard about it was since the alleged occurrence." On re-cross-examination he said that he had not heard anything about the man's reputation before he was arrested in this case. On re-direct examination the witness said that "prior to the time of this alleged offense, I never did hear anybody question his reputation at all."

It seems perfectly clear from the record that it was not the desire nor effort of the state to make the present prosecution the basis of attack upon the good reputation of the accused. The trial court appears to have been careful to prevent the jury from getting the idea that the present indictment or any opinion formed by reason thereof could be considered by them as discrediting the reputation of the accused as a peaceable, law-

abiding citizen. We are of the opinion that there is presented by the record, no weakness in the testimony, ruling of the trial court, remark of counsel or other matter prejudicing the right of the accused to a fair trial, nor which would warrant the court in ordering a reversel of the judgment.

The motion is overruled.

*Overruled.*