**Bobby Joe WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41710.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Dalton Gandy, Fort Worth (court-appointed), for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock and Truman Power, Asst. Dist. Attys., Forth Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, assessed by the jury, two (2) years' confinement in the Texas Department of Corrections.

Appellant's trial commenced on May 20, 1968. The indictment charged and the proof showed that appellant committed a burglary on December 11, 1967, in Tarrant County.

In his sole ground of error appellant contends the trial court erred in overruling his motion to strike inadmissible testimony elicited from a police officer witness.

W. R. Lloyd, a Fort Worth City police officer, was one of three officers who testified on direct examination at the penalty stage of the proceedings that appellant's general reputation in the community in which he resided for being a peaceable and law abiding citizen was bad.

On cross-examination Lloyd admitted that he did not know appellant nor had he heard anything about his reputation prior to December 11, 1967. At such time appellant moved to strike Lloyd's testimony because "he had not heard about the reputation of the defendant prior to December 11, 1967, date of this offense." This motion as well as the subsequent motion for mistrial was overruled.

874

Broadway v. State, 418 S.W.2d 679, has been decided contrary to appellant's contention. There, this Court, speaking through Judge Dice, said:

"Art. 37.07, subd. 2, providing for the alternate procedure in determining guilt or innocence and punishment in a felony case less than capital or in a capital case where the state has made it known that it would not seek the death penalty, reads, in part, as follows:

" 'Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character.'

"We hold that in the instant case the state was properly permitted to offer testimony as to appellant's bad reputation up to and including the date of trial.

"Under the provisions of Art. 37.07, the jury was authorized to consider appellant's general reputation in fixing the punishment.

"The cases cited by appellant which were decided under the 1925 Code of Criminal Procedure, holding that—subject to certain exceptions—the state could only inquire into the accused's reputation up to the time of the commission of the offense, are not controlling and applicable to a separate trial on the question of punishment, under Art. 37.07–2 of the 1965 Code. Our conclusion is not in conflict with the court's holding in The City of Houston v. Watson, 376 S.W.2d 23 (Tex.Civ.App., wr. ref., n. r. e.), cited by appellant, that testimony in a personal-injury civil suit as to the credibility and delinquency of a minor child was inadmissible as a matter of law, under Sec. 13 of Art. 2338–1, supra."

Appellant cites and relies upon Brown v. State, 120 Tex.Cr.R. 95, 47 S.W.2d 290 and Hennington v. State, 141 Tex.Cr.R. 449, 149 S.W.2d 587. As noted in Broadway v. State, supra, these are cases decided under the 1925 Code of Criminal Procedure and are no longer controlling.

 We adhere, however, to the rule announced in Stephens v. State, 128 Tex. Cr.R. 311, 80 S.W.2d 980, that reputation at the time of trial should not be provable "when such reputation is based solely on the discussion of the alleged offense for which he is on trial." Nothing in the record before us shows, however, that Lloyd's testimony as to appellant's reputation was based solely on the burglary charge here involved. Cf. Sanchez v. State, Tex.Cr. App., 398 S.W.2d 117, 119.

Appellant's ground of error is overruled.

The judgment is affirmed.