**Jesse Lee WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43013.

Court of Criminal Appeals of Texas.

June 24, 1970.

Fred Fick, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, R. J. Adcock and Ben H. Tompkins, Asst. Dist. Attys., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for burglary; the punishment, ten years.

The appellant's court appointed counsel filed a brief in the trial court stating that he had diligently and conscientiously studied the record on appeal and had concluded that the appeal was wholly frivolous and without merit. However, he stated that he had filed a brief which might arguably support the appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Perry v. State, Tex.Cr.App., 447 S.W. 2d 910.

In a supplemental transcript it is shown that the trial court called appellant and his appointed counsel into open court and determined that appellant had been served with a copy of counsel's brief. Then the trial court made available to the appellant the appellate record including the transcript of the evidence. The judge had the appellant brought into open court several times where he was given an opportunity to examine the record. The appellant filed a pro se brief which has been examined and considered along with that of his appointed counsel.

The first two grounds of error are that the search of appellant's automobile was illegal for the reason that the officers did not have an arrest warrant, search warrant, or probable cause for the search, and the results thereof were not admissible in evidence; and further, that the evidence is insufficient to support the conviction.

Officer Robbins testified that while on patrol in Halton City at 4:35 a. m., he observed an automobile with its lights off parked beside a service station which was not there earlier when he was there; that as he turned to investigate, the car at the station sped away and was traveling at sixty miles per hour when he stopped it. During this time, Robbins radioed for a police check of the service station, and before looking into appellant's car, he had received a police radio dispatch from Officer Cooper that a plate glass window in the service station had been broken. The appellant, who was driving, and a companion were in the car. In the car was found, among other things, a tire air gauge, and a tire which was mounted on a wheel was in the trunk. A coin-operated cigarette machine located in the station had been broken, and the money box removed. The money box was found about ten feet from the road between the station and the place where appellant's car was stopped. Around twenty dollars in coins was found near the money box.

George W. Padgett, the owner of the service station, testified that the station building was closed at 10 p. m., on the night in question and that he did not give anyone his consent to break and enter the building and to take anything therefrom. Padgett testified that the money box recovered about three hours after the burglary was of the same design and manufacture as the one removed from the cigarette machine; that the tire gauge was of the same brand and bore a similar mark as the one taken from the station and he believed it belonged to him; and that the wheel with mounted tire was the same one removed from his station.

The appellant did not testify but called Charles Wayne Cook, an employee of Padgett, the owner of the service station. Cook testified that the windows in the service station were five feet wide and five and one-half feet high; and that each employee owned and marked his tire gauge which was of a common type.

■ The facts and circumstances were sufficient to show that probable cause existed and authorized the search of appellant's car by Officers Robbins and Cooper and the admission in evidence of the fruits thereof.

■ The evidence is sufficient to support the conviction. Grounds of error numbers one and two are overruled.

■ The third ground of error is that Deputy Sheriff Howeth was not qualified to testify to appellant's bad reputation for

the reason that he did not know the appellant or anyone who lived in his community who knew him.

Howeth testified that his investigations of the appellant had taken place since the date of his arrest for the offense charged in this case. The knowledge acquired of the appellant as a result of the investigation was sufficient to authorize the admission of his testimony. Sanchez v. State, Tex.Cr.App., 398 S.W.2d 117; Wilson v. State, Tex.Cr.App., 434 S.W.2d 873; Ballew v. State, Tex.Cr.App., 452 S.W.2d 460; Chamberlain v. State, Tex.Cr.App., 453 S.W.2d 490. The third ground of error is overruled.

The judgment is affirmed.