HIGGINS v. STATE.

Opinion delivered November 11, 1918.

1. INDICTMENT AND INFORMATION—ALLEGATION OF VENUE.—Where an indictment fails to state the place in which the offense was committed, it will be considered as charged therein that it was committed in the local limits of the jurisdiction of the court in which the grand jury was impaneled, under Kirby's Digest, § 2235.

2. CRIMINAL LAW—INSTRUCTION—WEIGHT OF EVIDENCE.—Where defendant pleaded not guilty of the offense of being an accessory after the fact to a certain crime, though he did not testify, and an alleged confession by him was proved and the alleged principal testified that defendant was guilty, it was error for the court to tell the jury in effect that the defendant's guilt was not disputed.

3. SAME—COMPETENCY OF EVIDENCE.—Where defendant was charged with being an accessory after the fact to unlawfully manufacturing liquor, evidence that shortly before the discovery of. the still used in such manufacture appellant was seen to take from a culvert in a public road two bottles and a jug was admissible.

4. SAME—ACCESSORY—INSTRUCTION.—The court instructed the jury as follows: "An accessory after the fact is a person who, after a full knowledge that a crime has been committed, conceals it from the magistrate or harbors or protects the person charged with such crime; in other words, a person who shelters, receives, relieves, comforts or assists the felon." Held no error.

Appeal from Sevier Circuit Court; *J. S. Lake,* Judge; reversed.

*Abe Collins,* for appellant.

1. The demurrer should have been sustained. It does state sufficient facts. It does not allege the venue nor the date of the crime. It is not direct and certain. Kirby & Castle's Digest, § § 2397-8.

2. The evidence is not sufficient that Norman manufactured liquor, that Higgins knew of it or sheltered him or concealed the crime.

3. The court erred in refusing to exclude the testimony of Wright. It was prejudicial. 69 Ark. 653.

4. It was error to give instruction No. 1 for the State. K. & C. Dig., § 1645.

5. The remarks of the court upon the instructions constitute reversible error. 51 Ark. 155; 100 *Id.* 629; 112 *Id.* 629.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The demurrer was properly overruled. It charges a crime and the venue is sufficiently alleged. Kirby's Dig., § 2235; 67 Ark. 266; 55 *Id.* 556; 32 *Id.* 179; 34 *Id.* 321.

2. The evidence is sufficient.

3. No error in refusing to exclude the testimony of Wright. The testimony was competent and of considerable probative force, tending to connect appellant with the crime.

4. No error in giving instruction No. 1. Kirby's Digest, § 1562; 1 R. C. L. 148, § 28; 91 Ark. 5.

5. No error in the remarks of the court. 72 Ark. 398.

SMITH, J. Appellant was convicted under an indictment, the second count of which is as follows:

"The grand jury aforesaid in the name and by the authority of the State of Arkansas, accuses the said Monroe Higgins of the further crime of accessory after the fact to manufacturing liquor, committed as follows, to-wit: That J. L. Norman, in the county and State aforesaid, on the 20th of November, 1917, did unlawfully and feloniously make and manufacture ardent, vinous, malt, spirituous and intoxicating liquors; the said Monroe Higgins, knowing that a crime had been committed by the said Norman as aforesaid, did unlawfully and feloniously harbor and protect the said J. L. Norman, and concealed said crime from the magistrate, against the peace and dignity of the State of Arkansas."

A demurrer to this indictment was filed upon the ground that it did not allege the venue of the crime with which the defendant was charged, but this demurrer was overruled.

Norman, the principal in the crime of manufacturing liquor, was a witness at the trial, and admitted his own guilt, and charged appellant with being an accessory. One John Ross testified that he found Norman operating a still in full blast, and that, after arresting Norman at the still, he sent him to jail, and that he remained at the still to see what would happen, and soon appellant came up, when witness arrested him. He said to appellant: "We have got you, Monroe," and appellant answered, "Yes, and I would like for you to help me."

A gun was found near the still, which appellant admitted to witness belonged to him, but he denied having loaned the gun to Norman, and said that it had been taken from his home without his knowledge or permission. Appellant lived a half mile from the site of the still, and Norman had been staying with him for some time.

It was shown, also, that shortly before the time the still was found, appellant was seen to take from under the culvert in a public road two bottles and a jug, and this testimony was admitted over appellant's objections.

The court gave at appellant's request, a number of instructions, and among others an instruction numbered 1, which reads as follows:

"You are instructed that three things are necessary, and must be established by the evidence in this case beyond a reasonable doubt, before you would be justified in convicting the defendant under the second count of the indictment: (1) That J. L. Norman committed the felony alleged in the indictment; (2) That the defendant Monroe Higgins knew that said Norman had committed said crime; (3) That said Monroe Higgins to some extent sheltered said Norman from arrest or concealed said crime from the magistrate."

Of its own motion, and over appellant's objection, the court gave another instruction numbered 1, which reads as follows:

"An accessory after the fact is a person who, after a full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the per-

son charged with such crime, in other words, a person who shelters, receives, relieves, comforts or assists the felon.''

Appellant did not testify, and offered no testimony in his own behalf. The jury retired, and, after an absence of some time, returned into court with the request that the instructions be re-read. This was done. In reading appellant's instruction numbered 1 set out above, the court read paragraph one, and remarked, ''That is not disputed,'' and made the same remark after reading paragraph two of this instruction. Thereafter, a verdict of guilty was returned, and this appeal has been duly prosecuted to reverse the judgment pronounced thereon.

We think the demurrer to the indictment was properly overruled. It is expressly charged that Norman manufactured liquor ''in the county and State aforesaid,'' (Sevier County, Arkansas), and it is argued that by fair intendment it was charged that appellant harbored and protected him in that county. But this omission is not fatal. Section 2235 of Kirby's Digest provides as follows:

''If the indictment contains no statement of the place in which the offense was committed, it shall be considered as charged therein that it was committed in the local limits of the jurisdiction of the court in which the grand jury was impaneled.''

We think the court should not have made the comment set out above on the instruction. It is true appellant did not testify and made no specific denial of any statement made by any witness; but his plea of not guilty was itself a denial of all the material allegations of the indictment. Norman did testify that appellant was cognizant of the crime he was committing, but, by his own statement, Norman was an accomplice, and his testimony, as a matter of law, was insufficient to sustain a conviction. Section 2384, Kirby's Digest.

It is also true that appellant's appeal to the officer who arrested him to help him out was subject to the interpretation of being a confession, but it was not necessarily

so. The comment of the court not only gave absolute verity to the testimony of the witness, but interpreted the meaning of this testimony to the jury, both of which was improper.

We think the testimony in regard to the bottles and the jug was competent. Its evidentiary value may have been slight, but the jury was entitled to know of this conduct and to weigh its value in connection with other circumstances in proof.

We think no error was committed in giving the State's instruction numbered 1. This instruction, in defining an accessory after the fact, does employ, in addition to the language used in the statute, the words "shelters, receives, relieves, comforts, or assists, the felon." This addition may have been unnecessary, but it was not prejudicial. The additional phrase defines the statute and employs the common-law definition in doing so. 1 R. C. L. 148, section 28; *State* v. *Jones*, 91 Ark. 5.

We think the testimony set out furnished corroboration legally sufficient to sustain the verdict, but, because of the error of the court in commenting on the instructions, the judgment will be reversed and the cause remanded for a new trial.