(98 South. 64)

### BATTLES v. STATE. (7 Div. 736.)*

(Court of Appeals of Alabama. April 18, 1922. Rehearing Denied May 9, 1922.)

**1. Intoxicating liquors ⬯238(1)—Where evidence of guilt conflicting, not error to refuse affirmative charge.**

In a prosecution for violation of the prohibitory law by maintaining a still, evidence as to the guilt of accused *held* conflicting, so that there was no error in the refusal of the affirmative charge.

**2. Criminal law ⬯798(1)—Requested charge as to reasonable doubt of any juror held properly refused.**

In a prosecution for violation of the prohibitory law, a requested charge that, as long as there is a reasonable doubt based on the evidence in the mind of any juror as to whether or not accused was connected with the manufacture of whisky, part of which was alcohol, on the morning of his arrest, they must acquit him, was properly refused.

**3. Criminal law ⬯761(5), 829(3)—Requested charge held properly refused, as invading province of jury, and where covered by given instructions.**

In a prosecution for violation of the prohibitory law, a requested charge that, unless the jury believed from the evidence that whisky was manufactured at the still on the morning accused was arrested, it must acquit him, was properly refused, because substantially covered by given charges, and because it was a question for the jury as to whether defendant manufactured liquor prior to the morning of his arrest.

**4. Criminal law ⬯763, 764(3, 4)—Requested charge on effect of testimony held properly refused, where question for jury.**

In a prosecution for violation of the prohibitory law, where the evidence presented a jury question and was conflicting, a requested charge that there was no testimony showing or tending to show that accused aided or abetted in the manufacturing of whisky before the morning of his arrest was properly refused.

**5. Intoxicating liquors ⬯238(2)—Whether whisky product of still, or accused manufactured it, for jury.**

In a prosecution for violation of the prohibitory law, where accused was arrested at the still in the act of preparing to build a fire thereunder, it was a question for the jury whether whisky found at or near the still was the product thereof, and whether accused manufactured or aided in its manufacture.

**6. Intoxicating liquors ⬯239(4)—Requested charge as to knowledge of accused of location of whisky not found at still held properly refused.**

In a prosecution for violation of the prohibitory law, a requested charge that, before the jury could consider the fact that whisky was found at or near a house located in proximity of the still as a circumstance tending to show the guilt of the accused, it must be satisfied that accused placed or had knowledge of the location of the whisky at the place found, was properly refused, because accused might have made whisky, or aided and abetted therein, and at the same time may have had no knowledge of the location of the whisky at the place found.

**7. Criminal law ⬯772(4)—Requested instruction that accused entitled to acquittal, if still not operated for 48 hours next before arrest, held properly refused.**

In a prosecution for violation of the prohibitory law, a requested charge that, if the jury entertained a reasonable doubt as to whether a still had been in operation for the

48 hours next preceding the arrest of the accused, he would be entitled to the benefit of that doubt, and must be acquitted, *held* properly refused.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Jeff Battles was convicted of violating the prohibition law, and he appeals. Affirmed.

The following charges were refused to the defendant:

(1) The affirmative charge.

(9) "As long as there is a reasonable doubt, based on the evidence, in the mind of any juror as to whether or not this defendant was connected with the manufacture of whisky, part of which was alcohol, on the morning of his arrest, they must acquit him."

(10) "Unless you believe from the evidence in this case, beyond all reasonable doubt, that whisky was manufactured at this still on the morning the defendant was arrested, you must acquit him."

(15) "Before defendant can be convicted in this case, the jury must be satisfied from the evidence, beyond a reasonable doubt, that whisky was being manufactured on the morning of his arrest, and further that defendant was engaged in such manufacture, or aiding, assisting, or operating in such manufacture."

(16) "Before defendant can be convicted in this case, the jury must be satisfied from the evidence, beyond a reasonable doubt, that whisky was being manufactured on the morning of his arrest."

(17) Practically the same as 16.

(18) "Before the jury can consider the fact that whisky was found at or near the house of the father of the defendant as a circumstance tending to show the guilt of the defendant of the charge of manufacturing whisky, you must be satisfied from the evidence in this case, beyond a reasonable doubt, that the defendant placed or had knowledge of the location of the whisky at the house or at the place where it was found."

(19) "The circumstance that whisky was found at or near the house of defendant's father cannot be considered by the jury in arriving at the verdict in this case."

(20) "If the jury entertain a reasonable doubt as to whether the still in question has been in operation for the 48 hours next preceding the arrest, the defendant is entitled to the benefit of that doubt, and you must acquit."

James A. Embry, of Ashville, for appellant.

The defendant was entitled to the affirmative charge. 17 Ala. App. 526, 87 South. 628. Counsel discusses the other assignments of error, but without further citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the errors insisted on, but they cite no authority.

BRICKEN, P. J. The undisputed testimony in this case, as shown by the record, discloses the fact that the sheriff of the county, accompanied by several others, located a still in close proximity to the dwelling house of Zeib Battles, the father of defendant (appellant here), and that the defendant made his home there with his father. At the still, which was a complete one ready for operation, there were also several barrels—some filled with beer, some empty, but these showed signs of having recently been emptied. Near the home of defendant's father these officers also found about nine gallons of whisky in a keg, which was hidden in the briers and covered with freshly broken pine brush. When the still was located, about daylight, after an all-night search by the officers, they (the officers) secreted themselves nearby and waited until the defendant came to the still. The testimony of the state tended to show that, about half an hour after sunrise, the hidden officers saw defendant and his brother, Quitman Battles, coming to the still from Zeib Battles' house; that defendant had a glass jug in each hand, came up to the still, set them down, examined the beer in the barrels, and picked up a long-handled shovel lying near, and commenced raking down and cleaning out from under the still, which was warm; that at this juncture he was ordered to halt, and was then and there arrested; that Quitman Battles picked up a lot of wood and started to the still, but did not get there, for when he saw the officers he dropped the wood and ran. There was other testimony, incriminating in its nature, offered by the state, tending to connect this defendant with the commission of the offense charged.

The defendant, while admitting that he went to the still at the time in question, denied that his brother Quitman was with him, as testified to by the state officers. He also denied having the glass jugs in his hands, and that he was cleaning out from under the still at the time he was arrested. He strenuously denied that he had anything to do with the operating of the still, and that he did not make or help to make the whisky found by the officers near his father's house, and contended he knew nothing about it. He testified in substance that he went to the still on the morning in question, but did not know it was there until he walked up on it; that he was down there alone, for the purpose of looking at some land, with a view to cultivating it that year; that he had but two days before returned from the army to his home, and he offered evidence tending to show his whereabouts and actions since he returned home, insisting that this testimony, which was in the nature of an alibi, rendered it impossible for him to have committed the offense complained of in the indictment.

[1] It will thus be seen that these conflicts in the testimony presented a question for the determination of the jury, and therefore there was no error in refusing special charge 1, which was the affirmative charge, requested by defendant.

Charge 3 is elliptical, confusing, and involved; but, were this not so, the proposition of law attempted to be stated in this charge was fairly and substantially covered, not only by the oral charge of the court, but by other special charges 8 and 12, given at the request of defendant.

Refused charge 6 was covered by given charge 5, and also substantially covered by the court's oral charge.

Charge 7, refused to defendant, was covered by given charge No. 4.

[2] Charge 9 was properly refused. It does not state the law correctly.

[3] Charge 10 was also properly refused, for, aside from having been substantially covered by the given charges, it was for the jury to say whether or not the defendant had distilled, made, or manufactured whisky at this still prior to the morning of his arrest at the still.

[4] From what has been said above, it is evident that charge 11 was properly refused. The evidence presented a jury question, it being in conflict. The court was therefore without authority to charge as a matter of law "that there is no testimony in this case showing or tending to show that defendant aided or abetted in the manufacturing of whisky before the morning in question," as requested in this charge.

[5] Charge 14 was misleading and otherwise bad. It was a question for the jury to determine as to whether or not the whisky which was found at or near the house of defendant's father (also the home of defendant) was the product of the still in question, and it was a question also for the jury to determine whether defendant manufactured, or aided in its manufacture.

The criticism hereinabove relative to refused charge 10 may be applied also as to refused charges 15, 16, 17. These charges were properly refused.

[6] Charge 18 was properly refused. The defendant may have made the whisky, or aided and abetted in doing so, and at the same time may have had no knowledge of the location of the whisky at the house or at the place it was found.

[7] The court committed no error in refusing charges 19 and 20.

There was no error in any of the rulings of the court upon the testimony. These matters all related to the actual time of the raid by the officers, and were therefore a part of the res gestæ. Such rulings upon testimony as do not relate to the res gestæ are free from error of a prejudicial nature; certainly no error appears in this connection which authorizes or requires a reversal.

The alleged excerpt of the oral charge to which exception was reserved does not appear to be contained in the oral charge as shown by the record. The portion of the oral charge which is correctly stated, and to which exception was reserved, is free from error.

This disposes of all questions reserved. As before stated, the evidence being in sharp conflict, it was the prerogative of the jury to determine the true facts of this case, and in rendering the verdict as shown by the record they acted within the scope of their authority, as there was ample evidence to sustain the verdict here, and the judgment rendered in accordance therewith.

No error is apparent upon the record, and the judgment of the circuit court must be affirmed.

Affirmed.