### GILBERT FREEMAN v. THE STATE.

No. 7110.   Decided November 15, 1922.

Rehearing denied December 20, 1922.

#### 1.—Appeal Bond—Offense Charged—Approval.

Under Article 904, C. C. P., the appeal bond should state specifically of what offense the accused stands charged, and of what offense convicted, and a mere recital therein that it was of a felony does not comply with the statute; besides the bond was not approved by both the sheriff and the trial judge.

#### 2.—Same—Certiorari—Practice in Trial Court.

Where a motion for certiorari in this court asked that certain bills of exception refused by the trial judge be ordered placed in the transcript, the same cannot be allowed, as this appears to depend on the order of the trial judge granting an extension of time, and the matter should have been presented in the trial court.

#### 3.—Same—Rehearing—Appeal Bond—Approval of Trial Judge—Telephone Conversation.

Where appellant contended that the trial judge approved the appeal bond over the telephone, the same cannot be heard in this court by affidavit. The statutory provision regarding the approval of the trial court is plain and mandatory. The motion for a rehearing is overruled.

Appeal from the District Court of Liberty.   Tried below before the Honorable J. L. Manry.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Motion is presented by the Assistant Attorney General to dismiss the appeal because of defective appeal bond. The trial term of court adjourned March 3d.   The appeal bond was not filed until April 6th.   It is approved by the sheriff only.   Article 904, C. C. P., requires such bonds to be approved by both the sheriff and trial judge.   Hanson v. State (No. 6958, opinion May 10th, 1922); Williams v. State (No. 7068, opinion November 1, 1922). As we understand Article 904, supra, the bond should state specifically of what offense accused stands charged and of what offense convicted, and a mere recital therein that it was of a "felony" does not comply with the statute.   We observe in the record a motion for *certiorari* asking that certain bills of exception refused by the trial judge be ordered placed in the transcript.   The motion is in effect a contention that accused has been deprived of his bills of exception, and ap-

pears to depend on the order of the trial judge granting sixty days after adjournment for filing, when it is asserted by appellant that he was promised ninety days. This is controverted by the State. On account of the necessity to dismiss the appeal we have not gone into the merits of the other controversy; but it appears to be an effort to attack in this court by affidavit an order and judgment entered by the trial court. If the extension was for ninety days and by mistake was entered for sixty days only, then the proper practice would be by motion in the lower court to correct the order. (See Bennett v. State, 80 Texas Crim. Rep., 652, 194 S. W. Rep., 145, and authorities there cited.) If the trial court's action on the motion should be adverse to accused the question can then be brought forward for review by a proper bill of exception. If it should be desired to follow this suggestion both the State and appellant have leave to withdraw from the record such letters, telegrams or affidavits as would be pertinent upon a hearing of such motion.

The appeal is dismissed.

*Dismissed.*

### ON REHEARING.

### December 20, 1922.

LATTIMORE, JUDGE.—Appellant files his motion for rehearing herein contending that while the bail bond for appeal herein has not upon it the approval of the trial judge, that the said judge in a telephone conversation with the deputy sheriff of the county in which the trial was had told said officer that he would approve the bond, and that upon such statement the appellant was released from custody. Affidavits of appellant's counsel and said deputy sheriff are offered in support of this contention. This court does not try questions like this upon affidavit. The statutory provision regarding the approval of the trial court is plain and apparently mandatory. If appellant was released following such telephone conversation and before the bond was in terms approved by the trial court, such release was without warrant of law. Appellant's motion for rehearing presents no meritorious reason why same should be granted. It is ordered that said motion be overruled.

*Overruled.*