Charlie Pugh v. The State.

No. 7443.   Delivered February 14, 1923.

**Manslaughter—Plea of Guilty—Practice in Trial Court.**
    Where defendant pleaded guilty to manslaughter, appellant complained upon appeal that the prosecuting attorney agreed that defendant should receive a suspended sentence and there was no showing of any fraud or misrepresentation, appellant cannot be heard to complain that the jury refused to recommend suspended sentence.

Appeal from the District Court of Shelby. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Shelby County of manslaughter, and his punishment fixed at two years in the penitentiary.

There are no bills of exception in the record. Appellant pleaded guilty and seems to have been sufficiently warned and interrogated by the court as a predicate for the reception of such plea. Testimony was introduced by the State as is required by statute in order to enable the jury to determine the penalty. The only complaint here made is of the fact that there was some character of agreement with the prosecuting attorney that appellant should receive a suspended sentence. In appellant's motion in arrest of judgment appears the statement that the State's attorney and attorney for the defendant were both willing that the jury recommend that the defendant's sentence be suspended, and it is averred that the jury were not justified in its failure to recommend such suspension. No attempt is made to show that appellant was in-

duced to enter his plea of guilty by any fraud or misrepresentation on the part of the representative of the State. In Cleland v. State, No. 7253, 93 Texas Crim. Rep., 503, this court held that one who had pleaded guilty, knowing that the jury were not bound to accept the recommendation of the prosecuting attorney that he be given a certain sentence, could not be here heard to complain that the jury refused to give him the sentence recommended and agreed to by the prosecution.

We find no error appearing in the record in this case, and an affirmance is directed.

*Affirmed.*