NATHAN LEE v. THE STATE.

No. 7525.   Decided April 18, 1923.

1.—Murder—Continuance—Practice in Trial Court.

Where defendant's application for continuance failed to set out the names of any absent witnesses who would give material testimony in his behalf or could have aided him in making out a defensive theory, there was no error in overruling the same, and the allegations of prejudice against

him would present no reason for continuing the case, but rather for a change of venue which is not supported by affidavit.

**2.—Same—Evidence—Confession—Witnesses—County Clerk.**

Where appellant complained of the admission of his alleged confession on the ground that same was signed by defendant by making of his mark on it, and that the statutory requirements that a confession be witnessed by some one other than the peace officer was not met, but the record showed that the county clerk was asked by the district attorney to go to the defendant with him and while there witnessed the alleged confession, he could not be deemed a peace officer within the comprehension of Article 810, C. C. P., and there was no error.

**3.—Same—Involuntary Confession.**

Where the alleged confession which was claimed to be involuntary but which was shown by the testimony of the district attorney and others that it was voluntary, there is no error, in the absence of submitting the matter to the jury or other exceptions.

**4.—Same—Sufficiency of the Evidence—Death Penalty.**

Where, upon trial of murder inflicting the death penalty the evidence was sufficient to support the conviction, there was no reversible error.

Appeal from the District Court of Brazoria. Tried below before the Hon. M. S. Munson.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Scott Gaines* and *A. R. Rucks* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Brazoria County of murder, and his punishment fixed at death.

It is urged by appellant that the refusal of his application for continuance was erroneous. The indictment herein was filed September 14, 1922, and on the next day the court appointed two attorneys to represent appellant. The case was called for trial on September 27th following, and the application referred to was then made. Same sets out no names of material absent witnesses who had been served with process, or for whom process had been asked. It only sets up that appellant has had no sufficient time to get ready for trial, which is but a conclusion. We do not think the fact that there came up some confusion over the proposition as to whether appellant would be defended by counsel appointed by the court or counsel of his own selection, would justify the failure to apply for process for witnesses We take it that the failure to set up in the application the names of any absent witnesses who would give material testimony in behalf of appellant, is based on the fact that from no testimony appearing in the record can it be gathered that there were any absent witnesses who could have aided in making out a defensive theory. We do not think

the application contained merit, nor that the overruling of same was erroneous. The allegation in said application of prejudice against appellant would present no reason for continuing the case, but rather for a change of venue. Such allegation in such case should be supported by affidavits.

Error is also urged in admitting the alleged confession of appellant, the ground of the objection being that same was signed by appellant by the making of his mark only, and that the statutory requirement in such case that the confession be witnessed by some one other than a peace officer, was not met. Article 810, Vernon's C. C. P., directs that a confession, if made by one unable to write his name and who signs same by making his mark, shall not be admissible in evidence unless witnessed by some person other than a peace officer, who shall sign same as a witness. Article 43 of our Code of Criminal Procedure enumerates those persons who are peace officers. A county clerk is not one of those named. We gather from the record that appellant was arrested and put in the county jail of Brazoria County on Saturday September 9th, and that on Monday night following Mr. Davis, the county clerk, was asked by the district attorney to go with him to the jail where appellant was confined, and that Mr. Davis went, and while there witnessed the alleged confession, same being also witnessed by three peace officers who were present. Mr. Davis had been out to the scene of the homicide on Sunday with the sheriff of the county; had gone at the request of the sheriff, but not as a deputy sheriff or as a member of a posse. A county clerk not claimed to have acted otherwise than as is shown in the testimony in the instant case, would not be deemed by us to be a peace officer within the comprehension of Article 810, supra. Said article does not require that more than one person, not a peace officer, shall witness the confession. As stated above, same was signed by Mr. Davis as a witness and we deem this sufficient to justify its admission in evidence.

There is nothing in the objection further shown that appellant did not freely and voluntarily make said confession. In this connection we observe that while he testified that he was "cursed and abused" by the officers before he made the confession; and that they used promises and threats in order to persuade him to make same,—the district attorney and others who were present testified to the contrary. In this condition of the record, if appellant was not satisfied when the court overruled his objection to the introduction of said confession in evidence, he should have asked that the question of the voluntary character of said confession be submitted to the jury, or should have excepted to the charge of the court for failing to submit such issue. Neither was done. The court charged the jury that unless the confession was freely and voluntarily made, they should not consider it.

The facts are amply sufficient to support the verdict. Deceased for many years had lived by himself upon a farm owned by him

and upon which appellant was a tenant. Appellant seems to have been indebted to deceased, and we gather from the testimony had given instructions to the merchants of a near by town not to buy any cotton from deceased. Deceased seems to have been last seen alive on Wednesday September 7th. His body was found on Saturday near a bridge close to his home. Dry blood was on the planks of the bridge and shot were found imbedded in said planks similar to those in a shell found in appellant's home. The body of deceased had evidently been lying where found for quite a while; it was beginning to discolor and worms were in the gun-shot wound found in the back of his head. It was in testimony that Thursday afternoon appellant took his gun and some shells and left his home, situated not very far from that of deceased. Later he returned and put the gun in the house behind the door where it was found recently discharged. A Mexican testified that on Friday the 8th appellant told him that deceased was dead. On Saturday the 9th appellant himself told a neighbor that deceased was dead. In the confession above referred to appellant admitted that he shot deceased, giving in detail the manner and circumstances surrounding the shooting. He testified in his own behalf denying the shooting and denying the fact that he had his gun out Thursday afternoon and that he put it back behind the door of his house. His two little daughters were put on the stand as witnesses by the State and contradicted him in this regard. Appellant admitted taking the gun away from his home on Thursday but said he carried it out in the field at the request of Mexican Jim, and laid it and some shells down on the turn-row, and that later Mexican Jim told him that he had killed deceased. These conflicting issues of fact were all submitted to the jury in an apparently satisfactory manner as there appears no exception to the charge of the court.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*