# APRIL, 1924

## Ed Nichols v. The State.

### No. 7594.   Decided April 2, 1924.

1.—Manufacturing Intoxicating Liquor—Evidence—Other Offenses.

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in admitting in evidence the testimony of the State's chief witness that he observed the defendant and his son making whisky, and that a few days thereafter he saw them take some whisky across the river in a boat and saw the defendant return with a quantity of money and say that he had made a good haul; under the facts of the instant case.

2.—Same—Evidence—Other Offenses—Possession.

Considering the defendant's testimony denying that he manufactured the whisky and the various attacks made by him upon the credibility of the witness relied upon by the State and other defensive evidence, it was relevant and competent that the State show that near the time and place at which the offense was committed the defendant. in connection with the son, one of the conceded actors in the commission of the offense, was in possession of articles such as the still produced and engaged in selling it and conveying it to the purchaser.

3.—Same—Evidence—Practice in Trial Court—Premature Introduction.

It may be conceded that in introducing the testimony, the State was premature, but the subsequent conduct of the case upon the part of the accused having rendered the testimony relevant, the immature receipt thereof, or part of it, was not such error which justifies the reversal of the judgment. Following: Gregory v. State, 92 Texas Crim. Rep., 581.

4.—Same—Charge of Court—Limiting Testimony.

While the paragraph of the court's charge intending to comply with the rule limiting the testimony with reference to transportation and sale of the liquor was criticized by defendant, yet, in the absence of such exceptions before the charge was read to the jury, the same cannot be reviewed on appeal. This also applies to other paragraphs in the charge.

5.—Same—Evidence—Declarations of Third Party.

There was no error in refusing to admit testimony of the declarations of the wife of the main State's witness, as she did not testify, nor were the declarations shown to have been made in his presence, or that they were authorized by him. Following: Logan v. State, 17 Texas Crim. App., 56.

6.—Same—Evidence—Inculpating Circumstances.

Testimony that there was found upon the premises of the defendant certain barrels and whisky mash which had been turned into the creek or ravine were properly received as a circumstance supporting the State's theory and combatting that of the defendant and the remoteness thereof, with reference to locality, etc., bears upon the weight rather than upon the relevancy of the testimony.

**7.—Same—Evidence—Declarations of Third Party.**

Where the declarations of the witness for the defendant with reference to finding some barrels, etc., and informing the defendant thereof, and his reply thereto were apparently as well calculated to injure as to aid the defendant, and there is no error in excluding them.

**8.—Same—Evidence—Hearsay.**

There was no error in excluding the testimony of the witness for defendant to the effect that some time in the spring of 1922 while out fishing with the defendant's son the latter alluded to getting some whisky at the home of the chief State's witness; in the absence of the fact that son of defendant had not testified.

**9.—Same—Reprimanding Counsel—Practice in Trial Court.**

The complaint that counsel was reprimanded after he had persistently repeated a question, the propriety of which the court had ruled against shows no error.

**10.—Same—Evidence—Statutes Construed.**

The attacks upon the validity of the statute under which the prosecution is based are such as have heretofore been passed upon and have been held untenable. Following: Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

**11.—Same—Jury and Jury Law—Practice in Trial Court.**

In the absence of a showing that any objectionable juror sat upon the defendant's case, or that his peremptory challenges have been exhausted, there was no error in not permitting counsel to question each individual juror separately on his voir dire examination and requiring him to examine the panel and the body and that if after such examination it was desirable to examine any particular juror it would be permitted. Following: Crow v. State, 89 Texas Crim. Rep., 150.

**12.—Same—Evidence—Other Party.**

There was no error in refusing testimony of a witness for the defendant that he had seen the main State's witness and appellant's son operating the still in question, as this occurred about the same time that appellant is charged with operating the still.

**13.—Same—Charge of Court—Accomplice—State's Witness.**

Where the State used as a witness one who had been so connected with the transaction in question as to classify him as an accomplice requiring corroboration under the statutes, it was reversible error not to submit a charge upon accomplice's testimony when requested to do so.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Shields & Anthony,* and *Jones & Jones,* for appellant. On question of other offenses: Musgrove v. State, 11 S. W. Rep., 927; Haney v. State, 122 id., 34; Morgan v. State, 136 id., 1065; Ishan v. State, 41 id., 622; Caldwell v. State, 115 id., 597.

On question of reprimanding counsel: Johnson v. State, 112 S. W. Rep., 143; Ex Parte Bullington, 145 id., 1190.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of four years.

The State's witness McElroy testified that he observed the appellant and his son, Denny Nichols, making whisky; that a few days later he saw appellant and his son take some whisky across the river in a boat and saw the appellant return with a quantity of money and say that he had made a "good haul." Appellant asserts that in the receipt of evidence of the latter transaction, the rule against proving collateral offenses was transgressed. There is a general rule of evidence which forbids the use against one on trial for a specific offense of evidence of other crimes committed by him. Underhill on Crim. Ev., 3rd Ed., Sec. 150. This rule, as shown by the citations under the text mentioned, obtains in all jurisdictions where the rules of common law prevail. The exceptions to this rule, however, are numerous.

"If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them can not be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme." (Underhill on Crim. Ev., 3rd Ed., Sec. 152.)

A general statement with reference to the exceptions to the rule is made by Mr. Branch in his Ann. Tex. P. C., Sec. 2347, thus:

"Proof of other offenses is admissible if such proof is a part of the res gestae of the alleged offense for which defendant is being tried, or if it tends to show intent when intent is an issue, or serves to prove identity when identity is an issue, or when it is sought to show the guilt of defendant by circumstantial evidence and such proof of other offense connects or tends to connect the defendant with the alleged offense for which he is being tried, or when it tends to defeat the defensive theory."

The law denounces as unlawful the manufacture, sale and transportation of intoxicating liquor, also its possession when for the purpose of sale. Acts of 37th Leg., 2nd Called Sess., Chap. 61, Sec. 1. The related nature of these offenses and the many instances in which the single act might sustain a prosecution under one or several of them, has imposed upon the bench and bar a somewhat new and quite different task in adjusting the application of the rule and exceptions under consideration to violations of the provisions of the statute mentioned.

Touching some of the offenses denounced, proof of one necessarily establishes the other, and the conviction of one bars a prosecution for the other. See Whitten v. State, 94 Texas Crim. Rep., 144. 250 S. W. Rep., 165. The proof which shows the manufacture of intoxicating liquor frequently necessarily reveals its possession; proof of the sale often includes the transportation and possession; and so, proof of transporting often includes proof of other transactions under the article denounced by statute. The intimate relation of these crimes and the nature of the evidence which develops them, as stated above, increases the difficulty of keeping the evidence of other offenses within the terms of provisions of the law excluding collateral crimes and the exceptions thereto, and necessarily, the application of these rules in a given case are controlled by the other facts which are put in evidence in the prosecution or defense of the case.

In the present case, the State's witness testified that at a certain place he saw a still in which the whisky was manufactured by the appellant and his son. The son was not present at the time of the trial. Appellant specifically denied the transaction and combatted the truth of the testimony of the State's witness by putting in evidence much testimony concerning the presence of the accused and the description of the equipment and the locality of the still, inconsistent with the testimony given upon the trial. The general reputation of the State's witness for truth and veracity was also vigorously assailed.

In addition to these methods of attack upon the State's case, evidence was introduced by the appellant that the prosecuting witness was under indictment for felonies and that the State's witness and Denny Nichols, possessed and operated the still in question. In the light of these various matters must be determined the propriety of the receipt in evidence of the testimony to the effect that the appellant and his son, Denny Nichols, had carried whisky across the river in a boat and sold it. In other words, under the evidence detailed, did the testimony last mentioned become admissible under any of the exceptions to the rule excluding extraneous crimes? Instances of cases where the offense charged is manufacturing intoxicating liquor, evidence tending to show a violation of other provisions of the law prohibiting the various phases of the liquor traffic have been received, are numerous. Taylor v. State, 17 Ala. App. 579, 88 So. 205; Richardson v. State, (Ariz.), 201 Pac. 845; Lowery v. State, 135 Ark. 159, 203 S. W. 838; Thielepape v. State, 89 Texas Cr. 493, 231 S. W. 769; State v. Douglas (Wash.), 210 Pac. 778. The presence of intoxicating liquor near the place: Dozier v. State, 17 Ala. App., 609, 88 So. 54; Battles v. State, (Ala. App.), 93 So. 64. Circumstances showing the connection with the still upon land other than his own: Mitchell v. State, (Ala. App.), 89 So. 98. See also Patterson v. State, 215 S. W. Rep., 629; Marsh v. State, 225 S. W. Rep., 7; Higgins v. State, 206 S. W. Rep., 440; Wilson v. Commonwealth, 205 S.

97 T. C.—12.

W: Rep., 391; Jackson v. State, 200 S. W. Rep., 150; Mayfield v. State, 253 S. W. Rep., 841; Ferguson v. State, 95 Texas Crim. Rep., 255 S. W. Rep., 749; Moore v. State, 94 Texas Crim. Rep., 546, 252 S. W. Rep., 168; Lamm v. State, 94 Texas Crim. Rep., 560, 252 S. W. Rep., 535; Mince v. State, 94 Texas Crim. Rep., 572, 252 S. W. Rep., 564; Kelly v. State, 95 Texas Crim. Rep., 138, 252 S. W. Rep., 1065; Newton v. State, 94 Texas Crim. Rep., 382, 251 S. W. Rep., 240; Hubbard v. State, 94 Texas Crim. Rep., 480, 251 S. W. Rep., 1054; Newton v. State, 94 Texas Crim. Rep., 233, 250 S. W. Rep., 1036; Bryant v. State, 94 Texas Crim. Rep., 67, 250 S. W. Rep., 169; Freeman v. State, 93 Texas Crim. Rep., 153, 249 S. W. Rep., 466; Pullian v. Commonwealth, 247 S. W. Rep., 366; Reub v. State, 93 Texas Crim. Rep., 348, 247 S. W. Rep., 867; Davis v. State, 93 Texas Crim. Rep., 391, 246 S. W. Rep., 395; Copeland v. State, 92 Texas Crim. Rep., 554, 244 S. W. Rep., 395; Anderson v. State, 91 Texas Crim. Rep., 183, 238 S. W. Rep., 221.

That the still had been operated at the place indicated by the State's witness is not seriously combatted. The identity of the operators became a question through the appellant's defensive theory that the operators were the State's witness and the son of the appellant. This was opposed to the State's position that the operators were the appellant and his son. The State's testimony to the effect that there was a quantity of whisky (the fruit of the crime of manufacturing) at hand was not controverted; nor was the fact that the appellant's son was one of the offenders. Considering the appellant's testimony denying that he manufactured the whisky and the various attacks made by him upon the credibility of the witness relied upon by the State and the other defensive evidence mentioned, was it not relevant and competent that the State show that near the time and place at which the offense was committed, the appellant, in connection with his son, one of the conceded actors in the commission of the offense, was in possession of articles such as the still produced and engaged in selling it and conveying it to the purchaser? We think this question should be answered in the affirmative, and that such answer is consistent with the rule quoted from Mr. Branch announcing the prevailing exceptions in this State and in harmony with many of the cases to which reference has been made in this opinion. This court has no desire, in fact, it is concerned to avoid any extension of the exceptions to the law opposing the receipt in evidence of collateral offense, but is constrained to the view that under the rule and the exceptions as they have heretofore been established, the evidence in question was not improperly received. It may be conceded that in introducing it, the State was premature, but the subsequent conduct of the case upon the part of the accused having rendered the testimony relevant, the immature receipt of part of it was not error justifying a reversal of the judgment. Gregory v. State, 92 Texas Crim. Rep., 581.

The jury should have been made to know by appropriate instruction that the evidence of the transportation and sale of intoxicating liquor could not be used against the appellant to convict him of offenses with which he was not charged. Wyatt v. State, 55 Texas Crim. Rep., 74; McCall v. State, 14 Texas Crim. Rep., 362; and other cases listed by Mr. Branch in his Ann. Tex. P. C., Sec. 188, subdivisions 4 and 5. The paragraph of the court's charge intended to comply with this legal principle is criticised in the brief of the appellant, but does not seem to have been made the subject of exception before the charge was read to the jury, as required by statute, Article 735, C. C. P.

The criticism made against the charge, namely, that in it the jury is told that there is certain evidence "tending to prove" the offense of transporting intoxicating liquor, has often been disapproved. Santee v. State, 37 S. W. Rep., 436, and other cases listed by Mr. Branch in his Ann. Tex. P. C., Sec. 190, subdivision 4. See also Gustamente v. State, 81 Texas Crim. Rep., 640, 197 S. W. Rep., 998.

There are other parts of the paragraph of the charge which are criticised in the brief, but in the absence of an exception made before the charge was read to the jury, when the error might be corrected by the trial court, the matter cannot be reviewed on appeal.

There was no error in refusing to admit in evidence the declarations of Mrs. McElroy, wife of the State's witness. She did not testify, nor were the declarations shown to have been made in his presence. Neither were they shown in any competent way to have been authorized by him. The principle applied in Logan's case, 17 Texas Crim. App. 56, permitting the introduction of hearsay information upon which one charged with homicide acted, does not support the present contention.

Evidence that there was found upon the premises of the appellant certain barrels and whisky mash which had been turned into the creek or ravine was, we think, properly received as a circumstance supporting the State's theory and combatting that of the appellant. The remoteness of the locality in which the articles were found bears upon the weight rather than upon the relevancy of the testimony.

The witness McKnight, introduced by the appellant, testified that he had never seen upon the appellant's premises any mash or evidence of the manufacture of intoxicating liquor; that there were some barrels found by the witness in appellant's pasture. Of this, the witness informed the appellant. The witness would have testified that the appellant said he would go at once and destroy the barrels. The error in excluding this declaration is not perceived. Manifestly, if error, however, it was unimportant. The declaration apparently was quite as well calculated to injure as to aid the appellant.

The witness Vick testified for the appellant that some time in the spring of 1922, while at the Sabine River fishing, he saw Denny

Nichols, son of the appellant, and had a conversation with him. Vick would have testified that Nichols told him that he could obtain some whisky by going to the home of the witness McElroy. Denny Nichols was not a witness and none of his declarations were put in evidence by the State. We are not aware of any rule of evidence which would exempt his declaration from exclusion under the hearsay rule. The case of Dubose v. State, 10 Texas Crim. App. 230, and others to the same effect holding that one may exculpate himself by competent evidence that another committed the crime of which he was charged would not, in our opinion, sustain the appellant's contention that the evidence proffered should have been received. See Bowen v. State, 3 Texas Crim. App. 617; Holt v. State, 9 Texas Crim. App. 570; Wharton's Crim. Ev., Vol. 2, p. 476; Walsh v. State, 85 Texas Crim. Rep., 215; Amer. State Rep., Vol. 131, p. 778, note; Taylor v. State, 81 Texas Crim. Rep., 351; James v. State, 86 Texas Crim. Rep., 107; James v. State, 86 Texas Crim. Rep., 599.

The complaint that counsel was reprimanded after he had persistently repeated a question, the propriety of which the court had ruled against, as the matter is revealed by the bill of exceptions, shows no error.

The attacks upon the validity of the statute under which the prosecution is based are such as have heretofore been passed on in various cases and have been held untenable. Ex parte Gilmore, 88 Texas Crim. Rep., 529.

In this case, appellant's counsel desired to question each individual juror separately on his voir dire examination. The court required that he examine the panel in a body and explained to him that if upon such examination it seemed desirable to examine any particular juror, it would be permitted. The bill fails to show that any objectionable juror sat upon the jury or that any of appellant's peremptory challenges were exercised. It also failed to show any injury resulting from the procedure which the court required him to follow. If the case had been one in which an individual examination of jurors became necessary, doubtless the trial court would have accorded it. Nothing is presented in the present matter to so classify it. The matter is one in which the discretion of the trial court would generally prevail. Crow v. State, 89 Texas Crim. Rep., 150.

A witness for the appellant testified that he had seen the State's witness McElroy and the appellant's son, Denny Nichols, operating the still in question. This occurred about the same time that appellant is charged with operating the still. According to the witness mentioned, McElroy and Denny Nichols, who lived close together, were seen making whisky at the still in question.

An exception was reserved to the court's charge because of the failure to instruct the jury upon the law of accomplice testimony as applied to the witness McElroy. The State having used the witness

McElroy to inculpate the appellant, it was permissible for the appellant, by competent evidence, to prove that. McElroy was so connected with the criminal transaction in question as to classify him as an accomplice witness requiring corroboration under the terms of Article 801, C. C. P. Such is the rule stated by this court in Ex parte Gilstrap, 14 Texas Crim. App., 265, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 707. The evidence to which we have adverted, taken in connection with the testimony of the witness McElroy, was such as to render it incumbent upon the court to call upon the jury to determine whether McElroy was an accomplice witnesss within the meaning of the law and whether there was corroborative evidence meeting the measure of the statute supporting his testimony, Art. 801, C. C. P. In failing to embrace in his charge such an instruction, or to amend the charge when attention was, by exception, called to the omission, the learned trial judge, in our opinion, fell into error which requires a reversal of the judgment. It was in the main upon the testimony of the witness McElroy that the State relied. The question whether he was an accomplice witness was a matter of importance.

Because of the refusal to instruct the jury on that subject, the judgment is reversed and the cause remanded.

*Reversed and remanded.*