COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

TRACY BRIAN WEBB,                                       )

                                                                              )              
No.  08-02-00141-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
204th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )             
(TC# F-0127717-MQ)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Tracy
Brian Webb, appeals his conviction for the state-jail offense of evading arrest
and the attendant sentence of two years=
confinement and a fine of $5,000.  He raises
a single issue on appeal, arguing the trial court erred in admitting certain
testimony at trial.  We will affirm.

BACKGROUND








On November 9,
2001, Appellant was indicted for evading arrest in violation of
Section 38.04 of the Texas Penal Code.[1]  On February 18, 2002, a jury trial was held
to consider this charge and two others.[2]  During trial, the State called six witnesses
and admitted fourteen exhibits.

One of the
witnesses called by the State was Officer D.M. Morrow of the Garland Police
Department.  He testified that he was on
patrol near the Garland Inn and Suites Motel on October 5, 2001.  After investigating unrelated suspicious
activity at the motel, he encountered a man later identified as Ricky
White.  While questioning Mr. White,
Officer Morrow observed drug paraphernalia and other contraband inside the room
occupied by Mr. White and an unidentified woman.[3]  The officer also noticed a number of cellular
phones and other items that he suspected might have been stolen.








While Officer
Morrow questioned Mr. White, Officer McClure arrived at the motel to serve as
backup.  The woman was questioned by
Officer Morrow inside the motel room and Mr. White was waiting outside the
room with Officer McClure.  Shortly after
Officer Morrow handcuffed the woman, Ricky White bolted away from Officer
McClure and began running down the stairs and into the parking lot with the
officer in pursuit.  According to the
testimony of Officers Morrow and Timothy McClure, Mr. White ran directly to a
blue Chevrolet Corsica that was backed into the parking space directly below
the room.  Mr. White pulled on the door
handle and yelled, AGo.@ 
When the car door failed to open, Ricky White continued to run across
the parking lot and onto a nearby road. 
As he ran, he continued to yell at the person in the Corisica,
who was later identified as Appellant. 
Appellant then drove across the lot, picked up Mr. White on a nearby
road, and sped away.  Officer McClure
pursued the Corsica in his patrol car with sirens and emergency lights
activated.  Appellant refused to pull
over and led the officer on a high-speed chase for several miles, sometimes
driving on the wrong side of the road. 
While this occurred, additional police officers also became involved in
the chase.  All of the police cars
engaged sirens and lights.  At one point,
Appellant drove directly towards a police vehicle, forcing it off the highway
to avoid collision.  Ultimately the
Corsica struck an embankment with such force that the car was severely damaged
and forced to stop.  Appellant and Ricky
White then jumped out of the car and began fleeing on foot.  Both men were apprehended by the law
enforcement officers.  The entire
automobile chase and portions of the final foot chase and arrest were recorded
on the video camera in Officer McClure=s
police car.  This videotape was admitted
into evidence as State=s
Exhibit 3 and shown to the jury.








The police
investigation later revealed that the Corsica and a number of items inside of
it had been stolen.  During trial, this
was testified to by Officer Morrow. 
Fannie Muckleroy and Don Livesay
also gave testimony about the stolen vehicle. 
These witnesses testified that the Chevy Corsica was owned by
Rent-A-Wreck rental cars.  It had been
rented to Ms. Muckleroy in August 2001.  On September 24, 2001, the automobile was
stolen from a gas station.  Ms. Muckleroy told the jury that while she was attempting to
fill the car with gasoline, a man looking like Appellant approached and spoke to
her.  She then went inside the station to
pay.  While she was inside, the car was
stolen.  

At the conclusion
of the State=s case,
defense counsel declined to call any witnesses. 
Closing arguments by both sides focused on other issues in the trial.[4]  Ultimately, Appellant was found guilty of
both evading arrest and unauthorized use a vehicle.[5]

ISSUE
ON APPEAL  








Prior to trial,
Appellant filed a motion in limine requesting the
State be barred from calling witnesses to testify about what occurred at the
motel prior to the time Ricky White fled the police and left the scene with
Appellant.  In particular, Appellant did
not want witnesses to testify to any drug paraphernalia or stolen property seen
in the motel room or the reasons why Mr. White and his female companion were
arrested.  Appellant argued any such
evidence violated Rules 403 and 404 of the Texas Rules of Evidence.  The trial court denied the motion in limine and allowed Appellant a running objection to any
such evidence.  During trial, Appellant=s counsel continued to lodge timely
objections to testimony about what the officers observed at the scene and why
they were attempting to arrest Mr. White before he fled with the aid of
Appellant.  Appellant now argues the
trial court erred in denying the motion in limine and
admitting testimony related to the contraband observed in the motel room.  The State contends the testimony was same
transaction contextual evidence and therefore admissible as an exception to
Rule 404(b).

Standard
of Review

In determining
whether a trial court erred in admitting evidence, an appellate court applies
an abuse of discretion standard of review. 
Mozon v. State, 991 S.W.2d 841,
846-47 (Tex.Crim.App. 1999); Green v. State,
934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996).  A trial court is found to have abused its
discretion when its decision is so clearly wrong as to lie outside that zone
within which reasonable persons might disagree. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1991)(Opin. on reh=g); Foster v. State, 909 S.W.2d
86, 88 (Tex.App.--Houston [14th Dist.] 1995, pet. ref=d). 
Absent such a finding, a trial court=s
ruling on the admission of evidence will not be reversed.  Green, 934 S.W.2d at 101-02.

Relevancy








In reviewing the
admissibility of the complained of evidence, we must first consider whether the
evidence is relevant under Rule 401.  Rogers
v. State, 853 S.W.2d 29, 32-3 (Tex.Crim.App.
1993).  Evidence is relevant if it has Aany tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.@ 
Tex.R.Evid. 401.  Officer Morrow=s
testimony about the drug paraphernalia and stolen property observed in Ricky
White=s motel
room is relevant to the explanation of his decision to arrest the occupants of
the room.  Arguably, it was the officer=s decision to arrest the occupants that
led Ricky White to flee from the motel and to Appellant=s
vehicle.  Evidence of illegal drug use and
the presence of possible stolen items help explain why Mr. White fled from the
police and in turn, what may have motivated Appellant to assist Ricky White and
thereby commit the charged offense of evading arrest.  Essentially, this evidence tends to make more
probable the State=s charge
that Appellant intentionally fled from a law enforcement officer that he knew
was trying to detain him when he picked up Mr. White and sped away from the
police.  Tex.R.Evid. 401. 
Accordingly, we hold it was within the zone of reasonable disagreement
for the trial court to find the evidence relating to the events leading up to
the time Ricky White entered Appellant=s
vehicle to be relevant.  Green,
934 S.W.2d at 101-02.

Same
Transaction Contextual Evidence

Having found the
evidence at issue to be admissible under Rule 401, we now consider whether the
evidence is admissible as an exception under Rule 404(b).  Rogers,
853 S.W.2d at 33.  Texas Rule of Evidence
404(b) provides:

(b)        Other Crimes, Wrongs or Acts.  Evidence of other crimes, wrongs or acts is
not admissible to prove the character of a person in order to show action in
conformity therewith.  It may, however,
be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident,
provided that upon timely request by the accused in a criminal case, reasonable
notice is given in advance of trial of intent to introduce in the State=s case-in-chief such evidence other
than that arising in the same transaction.

 








Tex.R.Evid.
404(b).  Texas courts have long
recognized that evidence of other offenses connected with the primary offense,
so called same transaction contextual evidence, may be admissible under Rule
404(b).  Wyatt v. State, 23 S.W.3d
18, 25 (Tex.Crim.App. 2000); Mayes v. State,
816 S.W.2d 79, 86-7 n.4 (Tex.Crim.App. 1991);
Nichols v. State, 97 Tex.Crim. 174, 260 S.W. 1050
(1924); Gillum v. State, 888 S.W.2d
281, 285-86 (Tex.App.--El Paso 1994, pet. ref=d).

Same transaction
contextual evidence is a type of Abackground
evidence@ related
to acts, words, and conduct occurring at the time of the commission of the
offense or the arrest.  See Rogers,
853 S.W.2d at 32-3.  Extraneous conduct
is considered same transaction contextual evidence when the charged offense
would make little or no sense without also bringing in the same transaction
evidence.  Pondexter
v. State, 942 S.W.2d 577, 584 (Tex.Crim.App.
1996); England
v. State, 887 S.W.2d 902, 915 (Tex.Crim.App. 1994).  The conduct must be blended or connected to
the act for which the defendant is being tried so that they form an indivisible
criminal transaction, such that full proof of one could not be given without
showing the other.  Mayes, 816
S.W.2d at 86 n.4.

Same transaction
contextual evidence is admissible as an exception under Rule 404(b) where such
evidence is necessary to the jury=s
understanding of the charged offense.  Nelson v. State, 864 S.W.2d 496, 498 (Tex.Crim.App. 1993); Camacho v. State, 864 S.W.2d
524, 532 (Tex.Crim.App. 1993).  It can be said that such evidence provides
the jury information essential to understanding the context and circumstances
of events which, although legally separate offenses, are blended or interwoven.  Camacho, 864 S.W.2d at 532; Gillum, 888 S.W.2d at 285-86.  The evidence is not admissible for the
purpose of showing character conformity, but rather to illuminate the nature of
the crime alleged.  Camacho, 864
S.W.2d at 532.  As explained by the Court
of Criminal Appeals, A[t]he
reason for its admissibility >is
simply because in narrating the one it is impracticable to avoid describing the
other, and not because the other has any evidential purpose.=@  Rogers,
853 S.W.2d at 33.








In this case, testimony
related to the observations of the officers at the motel provides information
essential to the understanding of the context and circumstances of Appellant=s involvement with Mr. White.  Camacho, 864 S.W.2d at 532.  In order for the State to adequately describe
the events leading to Appellant=s
arrest, they must be allowed to fully explain how and why Ricky White entered
Appellant=s
vehicle.  Camacho, 864 S.W.2d at
532; Rogers, 853 S.W.2d at
33.  Part of this explanation arguably
includes the fact that Mr. White was fleeing from arrest for possible illegal
drug and stolen property violations.  For
this reason, we find that the trial court=s
decision to allow the complained of evidence to be heard by the jury is
certainly within the zone of reasonable disagreement.  Montgomery,
810 S.W.2d at 391.

Rule
403 Balancing Test








Appellant argued
at trial and now contends on appeal that the probative value of evidence of the
contraband found in Ricky White=s
motel room was substantially outweighed by its prejudicial effect on the
jury.  He maintains the lower court=s rejection of this argument
constitutes error.  Under Montgomery,
we are to consider a number of factors in determining whether the trial court
conducted an appropriate balancing test under Rule 403.  These factors include, but are not limited to
the following:  (1) that the ultimate
issue was not seriously contested by the opponent; (2) that the State had other
convincing evidence to establish the ultimate issue to which the extraneous misconduct
was relevant; (3) that the probative value of the misconduct evidence was not,
either alone or in combination with other evidence, particularly compelling;
and (4) that the misconduct was of such a nature that a jury instruction to
disregard it for any but its proffered purpose would not likely have been
efficacious.  Montgomery,
810 S.W.2d at 392-93.  Having reviewed
the record in light of these considerations, we find nothing to suggest the
trial court abused its discretion in applying a 403 balancing test.  Montgomery,
810 S.W.2d at 392-93.

Finding no abuse
of discretion on the part of the trial court, Appellant=s
issue on appeal is overruled.  For the
reasons stated above, we affirm the trial court=s
judgment.

 

 

September
19, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Section 38.04 of the Penal Code provides:

 

(a)        A person commits an offense if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him.

(b)        An offense under this section is a Class
B misdemeanor, except that the offense is:

 

(1)        a state jail felony if the actor uses a
vehicle while the actor is in flight and the actor has not been previously
convicted under this section . . . .

 

Tex.Pen.Code Ann. '
38.04 (Vernon 2003).





[2]
Mr. Webb was indicted for three separate offenses that were ultimately tried
together.  He was found not guilty of one
charge, aggravated assault on a public servant. 
He was convicted and sentenced in the two remaining:  evading arrest and unauthorized use of a
motor vehicle.  Because these two causes
and subsequent appeals are separate, independent opinions will be issued.  The underlying facts and the issue on appeal are
the same in both cases.  The companion
case on appeal is cause number 08-02-00142-CR. 





[3]
This woman was later identified as Ms. Butler. 






[4]
Much of the trial and almost all of the closing arguments focused on the charge
against Appellant for aggravated assault on a public servant.  The charges and facts related to evading
arrest and unauthorized use of a vehicle were only mentioned once by the State
in its closing argument.  At that time,
the prosecutor made the following statements: 
AI don=t think there=s
any dispute, ladies and gentlemen, about the evading arrest, about the
unauthorized use of a motor vehicle. 
Find him guilty on those.@  Appellant=s
attorney did not mention these charges during closing argument at all.





[5]
As previously mentioned, Appellant was found not guilty of aggravated assault
on a public servant.